# McCullars v. Harkness.

### Action of Trespass de Bonis Asportatis.

1. *Mortgagee and mortagor ; payment of mortgage debt by performance
of work ; action of trespass.*—Where, under an agreement with a mort-
gagee, that he could pay the mortgage debt by the doing of work, the
mortgagor performs labor for the mortgagee, the value of which was
sufficient to pay the mortgage indebtedness, the mortgage is thereby

[McCullars v. Harkness.]

satisfied and discharged, and title to the property included in the mortgage, becomes re-invested in the mortgagor, notwithstanding there may have been no actual application by the mortgagee of the amount due for the labor to the payment of the indebtedness; the law applying the value of such labor, as it was performed, to the payment of the indebtedness.

2. *Action of trespass; when defendant can not justify the taking under a mortgage.*—When in an action of trespass *de bonis asportatis*, the defendant seeks to justify the taking of the property under a mortgage executed by the plaintiff, such defense is not sustained, when, upon issue properly presented, it is shown that under an agreement with the defendant that the proceeds of his labor should be applied to the payment of the mortgage debt, the mortgagor performed the labor, the value of which was sufficient to pay the indebtedness.

3. *Same; when indebtedness of defendant to plaintiff can not be considered.*—When, in an action of trespass for the wrongful taking of property, the defendant seeks to justify the taking under a mortgage executed by the plaintiff, and issue is taken on the replication of the plaintiff that the mortgage debt had been paid, the indebtedness of the defendant to the plaintiff for the proceeds of cotton sold for him, for which he had never accounted to the plaintiff, there being no evidence of any agreement that this money should be applied towards the payment of the mortgage debt, or that it was so applied, constitutes an independent claim of the ·plaintiff against the defendant, and can not affect the rights of the parties in the suit at issue; and a charge is erroneous which instructs the jury that if they believe from the evidence that at the time the defendant received the money for the cotton he had no other claim or debt against plaintiff, except the mortgage debt, then, in that event, the defendant was bound to apply the money on the mortgage debt.

4. *Same; when proceedings in another case between same parties do not affect plaintiff's right of recovery.*—When in an action of trespass for the wrongful taking of personal property, the defendant seeks to justify the taking under a mortgage executed by the plaintiff, and upon issue properly presented it is shown that under an agreement with the defendant that he could pay the mortgage indebtedness by labor for him, the plaintiff performed work for the defendant, the value of which was sufficient to pay the mortgage indebtedness, the fact that subsequent to the performance of such labor by him, the plaintiff, in an action against him by the defendant, used such a demand as a set-off in that action, can not affect the merits of the pending suit, and does not estop the plaintiff from showing the payment of the mortgage indebtedness under such agreement.

5. *Mortgage; indebtedness of mortgagee to mortgagor does not discharge the mortgage without an agreement to such effect.*—The fact that the mortgagee is indebted to the mortgagor in an amount equal to the mortgage debt, does not satisfy and discharge the mortgage, in the absence of an agreement to that effect.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JOHN C. CARMICHAEL, Special Judge.

This was an action of trespass *de bonis asportatis*, brought by the appellee, Eli S. Harkness, against the appellant, A. M. McCullars, to recover damages for the defendant unlawfully taking from the possession of the plaintiff, without his consent and against his protest, certain personal property. The defendant pleaded the general issue, and by special plea set up that before the alleged wrong complained of, the plaintiff executed to one F. O. Burdirk a mortgage on the property described in the complaint,· which said mortgage had been transferred and assigned to him (defendant) before the alleged commission of the wrong complained of ; and that in said mortgage the mortgagee or his assignee was authorized, in the event of default in the payment of the mortgage debt, to take possession of the property ; and that default having been made in the payment of said debt, the defendant took the property under the power contained in the mortgage. The plaintiff filed the following replications to the special plea : ˙1st. He denies that defendant has had and owned the mortgage in said plea described. 2d. He says he had paid said alleged mortgage in full before the alleged trespass. Trial was had upon issue joined· upon the pleas of the general issue and plaintiff's replications to defendant's special plea.

The evidence for the plaintiff tended to show that on November 1, 1895, the defendant, through his agent, took the property described in the complaint from the possession of the plaintiff, against his protest and objection.

The defendant introduced evidence tending to prove the facts averred in his special plea, and testified that the property was taken after default in the payment of the mortgage debt by the plaintiff, which debt and mortgage had been assigned by Burdirk to the defendant before such taking. In rebuttal the plaintiff introduced evidence tending to show that this mortgage had been paid by the performance of work and labor by the plaintiff for the defendant, under an agreement with the defendant, that the amount due the plaintiff for such work should go .to the payment of the ˙mortgage indebtedness.

The plaintiff then introduced in evidence an account for $129.18, which he testified was the amount the defendant was due him ; and that the whole of this account, except $17.71, was for work and labor done by the plaintiff for the defendant ; that this $17.71 was the proceeds of some cotton which the defendant had sold for the plaintiff, and had never accounted to him for it.

The defendant introduced in evidence the records and papers of an attachment suit brought by him against the plaintiff in a justice of the peace court for the collection of advances made, amounting to $82, and proved that in said case in the justice court, the plaintiff in this suit set off the account for $129.18 ; and that in the justice suit the present defendant, who was there plaintiff, had judgment and the case was pending at the time of the trial of this case in the circuit court, on appeal taken by the plaintiff.

As a part of its oral charge, the court instructed the jury as follows : "That the burden of proof is first upon the plaintiff to make out his case as set out in the complaint, and then the burden of proof devolves upon the defendant in this suit to establish his special pleas." To the giving of so much of this charge that stated that "then the burden of proof devolves upon the defendant in this suit to establish his special pleas," the defendant separately excepted.

At the request of the plaintiff, the court gave to the jury the following written charges : (1.) "The court charges the jury that the record of the suit by McCullars vs. Harkness does not estop Harkness from using enough of the account used by him in that suit as a payment of the mortgage debt, if the jury further find from the evidence that the parties of this suit agreed that the same should or might be so used." (2.) "If by agreement of the parties the mortgage debt was paid before the suit was brought in the justice court (the record of which is in evidence in his case) then the mere fact, if it be a fact, that Harkness pleaded the same account in defense of said justice trial which he has introduced in this case, would not have the effect to validate the mortgage which had been paid." (3.) "If you believe, from the evidence, that the agreement was that plaintiff's work and labor for defendant should be first applied to the mortgage debt, and the balance of the proceeds of

such work and labor should be applied in payment for advances or supplies to be furnished, then, if you further believe from the evidence that enough work and labor was performed by plaintiff for defendant under said agreement to extinguish said mortgage debt, then your verdict should be for the plaintiff." (4.) "If you believe, from the evidence, that at the time McCullars received the money for the cotton, he had no other claim or debt against Harkness, except the mortgage debt, then in that event the defendant McCullars was bound to apply the money on the mortgage debt, that is, if you believe McCullars received the money for cotton." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him : (2.) "If the jury believe the evidence, they will find a verdict for the defendant." (4.) "I charge you, gentlemen of the jury, that it is immaterial whether or not McCullars was indebted to plaintiff, unless McCullars agreed that this indebtedness should be taken in payment of the mortgage indebtedness, then I charge you that the mortgage indebtedness has not been paid."

The verdict and judgment were for plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

COLEMAN & BANKHEAD, for appellant.— 1. The mortgagee is entitled to the possession of the personal property embraced in the mortgage, if the debt remains unpaid after the law day of the mortgage, even though the mortgagee may owe the mortgagor another debt of equal or greater amount.—*Foster v. Napier*, 74 Ala. 393. The debtor may direct the application of any general payment made by him ; and if he does not do so the creditor may make the application ; but in order that the payment shall have the effect of discharging the mortgage, it must have been actually appropriated to that purpose.—15 Amer. & Eng. Encyc. of Law, 876 ; 1 Jones on Mortgages (4th ed.), § 972.

2. If a mortgagor performs labor for the mortgagee under an agreement that his wages shall be applied upon the mortgage debt, and earns more than enough to satisfy the same, the debt nevertheless remains un-

discharged until the actual application of the wages thereon.—*Doody v. Pierce*, 9 Allen (Mass.) 141; *Cary v. Bancroft*, 14 Pick. (Mass.) 315. If a debtor does not, at or before, the time of making a payment, direct the application of the payment, his control of the payment is gone.—*Pearce v. Walker*, 103 Ala. 250.

3. If both debtor and creditor omit to make application of the payment until after suit is brought, the law will not allow either party to apply it. But in case the parties have lost the right to apply it, the application of the payment by the creditor if afterwards sanctioned by the court, must be regarded as the act of the court under the authority conferred by law.—*Callahan v. Boazman*, 21 Ala. 246.

APPLING & McGUIRE, *contra.*—1. In asking the fourth charge the court will observe that Harkness kept himself strictly in line with a former decision of this court, and by that too, one of the ablest justices that ever graced any Supreme Court bench. We refer to the case of *McDonnell v. Bank*, 20 Ala. 313.

The mere delivery of money by one to another, or of a bank check, or the transfer of stock, unexplained, is presumptive evidence of the payment of an antecedent debt, and not of a loan.—1 Greenl. on Evidence, § 38; *Succession of Hymel*, 19 So. Rep. (La.) 742.

In the absence of the application by either the debtor or the creditor, the law makes the application according to its own notions of justice.—*Babe v. Stickney*, 36 Ala. 482; *Spies v. Price*, 91 Ala. 166.

If this money had not been applied by agreement as McCullars insists, it must have been before Harkness, the debtor, could insist on its application to the mortgage debt. Then Harkness had the right at the trial to insist that it be applied to the mortgage debt.—*Dent v. Bank*, 12 Ala. 275; 18 Amer. & Eng. Encyc. of Law, 245; 1 Story's Eq. Jur., § 459.

HEAD, J.—The plaintiff sued in trespass *de bonis asportatis*. The defendant, by plea, justified the taking under a mortgage executed by the plaintiff. The plaintiff replied, among other things, payment of the mortgage debt, before the taking. The plaintiff's evidence tended to show that the defendant agreed with him that

he could pay the mortgage indebtedness by work and labor for the defendant, and that the first work done by plaintiff for defendant should be applied to the payment of such indebtedness until the entire amount thereof was paid ; and that he accordingly performed labor for the defendant more than sufficient to pay the entire mortgage indebtedness, before the commission of the alleged trespass. If this evidence be true the mortgage was satisfied and discharged, and the title of the plaintiff was reinvested in him. It is contended by the defendant that although such may have been the agreement, and that the labor was so performed, yet the mortgage was not discharged without an affirmative application by the defendant of the value of the labor to the payment of the indebtedness. We think such is not the law of this State. Even prior to the present statute, by which payment of a mortgage debt, although after the law-day, operates to reinvest the title to the property in the mortgagor, it was held in this court, that payment of a chattel mortgage had that effect. A distinction was made between chattel and real estate mortgages, in this respect. As to the latter, payment, after law-day, did not divest the title of the mortgagee. A conveyance to the mortgagor was necessary to accomplish that result. If the plaintiff, in pursuance of such an agreement as he sets up, performed the labor as stipulated, the law applied the value of such labor to the payment of the indebtedness, as the same was performed, and no actual application thereof by the defendant to the payment of the indebtedness was necessary to discharge the mortgage. The defendant was compelled to make the application, and it will be considered as having been made. The third charge given · at the request of the plaintiff was proper.

There was evidence tending to show that the defendant sold some cotton for the plaintiff, amounting to $17.71, and that defendant had never accounted to the plaintiff for the money. There was no evidence of any agreement that this money should be applied to the mortgage debt, or that it was so applied. It stood, therefore, as an independent indebtedness, due from the defendant to the plaintiff, and could, in no aspect of this case, be considered for any purpose. It does not appear that the money was received as a payment on any

indebtedness owing by the plaintiff to the defendant. As to this money there was no question of the application of payments, which could arise. The fourth charge, in view of this principle, ought to have been refused.

The suit of *McCullars v. Harkness* pending in the circuit court, on appeal from a justice of the peace, nor the proceedings had therein on the trial before the justice, exert any influence whatever upon the merits of this action. If the plaintiff's evidence as to the agreement for performance of labor to go in payment of the mortgage debt, and that such labor, sufficient to pay the debt, was performed under the agreement, be true, then the mortgage was satisfied and discharged, and no subsequent effort of the plaintiff to use the same demand as a set off, in another action in another court, could operate to review the mortgage and reinvest the defendant with the title to the goods. If the defendant's evidence be true, that there was never such an agreement, and that no labor was performed to go in payment of the mortgage debt, then the claim of the plaintiff for the value of the labor (unless it was agreed that it should be applied to the payment of advances, not including the mortgage debt, as defendant's evidence tends to show) was an independent indebtedness owing to him by the defendant; and in that case, or if defendant's evidence as to its application to advances be true, there would be no satisfaction or discharge of the mortgage. It does not appear from the evidence of either party that the performance of this labor was to be a general payment upon indebtedness owing by the plaintiff to the defendant, without special application to any particular debt, hence no question of the application of the value of the labor to the payment of one or the other of distinct demands held by the defendant against the plaintiff, under the rules of law governing appropriation of payments arises. Under these principles, the first charge requested by the plaintiff would have been properly given if it had omitted the words "or might" near the conclusion of the charge. The insertion of those words was not justified by any evidence, and if it had been, the charge would have been bad, by reason of their insertion.

The second charge requested by the plaintiff was properly given.

The fourth charge requested by the defendant ought to have been given, and its refusal was error.

The oral charge to which exceptions were reserved will probably not be repeated in the same form on another trial. We are not prepared to say that some of the issues raised by the pleadings were not ignored in these instructions. Care should be taken to confine instructions to issues raised by the pleadings.

Reversed and remanded.