# Roll v. Puritan Manufacturing Co.

## *Assumpsit.*

(Decided June 30, 1909.—50 South. 354.-

*Evidence; Parol to Vary Writing; Contract.*—Where the contract of sale of merchandise contains certain conditions and requests the seller to ship the goods on the condition specified and on no other, such contract shows on its face that any former conversation relative thereto is merged in the written contract, and that it is the sole expositor of the agreement, and the buyer may not avoid paying the purchase price by setting up other matters not provided for in the contract.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Puritan Manufacturing Company against J. H. Roll upon the common counts and a special contract. Judgment for plaintiff and defendant appeals Affirmed.

W. T. HILL, and JAMES A. MITCHELL, for appellant. Counsel discuss the validity of the stipulations in the contract and of the contract itself, and cite authorities

to support their contention. They insist that the court erred in refusing to permit evidence as to the character of the goods shipped and as to whether or not they came up to the contract.—*Birm. W. & E. Co. v. Elyton L. Co.,* 93 Ala. 549.

VON L. THOMPSON, for appellant.—Parol evidence is not admissible to vary or contradict a written instrument.—1 Greenl. Evid. chap. 15.

SIMPSON, J.—This suit was brought by the appellee against the appellant; there being several of the common counts, and others describing a certain contract, under which certain articles of jewelry were sold to the said defendant. Said contract is copied in the bill of exceptions. It does not contain an itemized statement of the articles sold, but states that "this trial order is composed of assorted patterns of articles below, made in sterling silver, rolled gold plate, gold front, gold filled, and oxidized finished goods, at prices ranging from lowest to highest prices mentioned," and then states the articles generally as "belt buckles or pins, from 25 cents to $1.50 each," etc., and written under the printed part of the contract these words, 'principally ladies' and children's goods, enameled pins, etc.," and the whole bill summed up as "amounting to $250." Preceding the list are these words, to wit: "Purchaser hereby waives right to. claim failure of consideration, or goods not according to order or like samples, unless he has exhausted the terms of the warranty and exchange." Then follows: "Our warranty: Any jewelry in this assortment, failing to wear satisfactorily, will be replaced by new articles free of charge, if returned to us within five years from date of invoice. Exchange plan: Any jewelry in this assortment, not selling readily, may be exchanged for new styles and patterns of any jewelry

in our stock, provided same is returned to us for exchange within one year from date of purchase." Then follow the terms of payment. The parties entered into a written agreement to plead in short, by consent, "with leave to prove thereunder anything that might constitute a defense to the action as if specifically pleaded," and the defendant, among other pleas, pleaded that "the goods and merchandise alleged to have been sold to defendant were not of the quality they were sold for and represented to be." The defendant examined as a witness one Lynch, shown to be an expert jeweler, whose testimony tended to show that the goods received did not answer the description in the written contract. On motion by the plaintiff, all of the testimony of said Lynch was excluded, and the court gave the general affirmative charge in favor of the plaintiff.

The contention of the plaintiff (appellee) is that the written contract is the sole expositor of the agreement between the parties, and that it is binding on the defendant, so that his only remedy was to avail himself of the warranty" or "exchange" plan, and that no evidence could be introduced in regard to representations made or samples exhibited by the traveling salesman who took the order of the defendant, which order was thus expressed and signed by defendant, towit: "Please ship, at your earliest convenience, the above order, upon the terms and conditions herein specified, and no others." If this was an unconditional sale of the goods there would be force in the contention of the appellee that the plaintiff could not by contract take from the defendant the right to claim that the goods received did not answer to the description in the contract. It could not contract for immunity against its own fraud; but, in addition to the provisions above cited, the contract also provided that the "Puritan Manufacturing

Company guarantee, if the retail sales from the above assortment of jewelry in the undersigned merchant's store do not equal the amount of purchase price ($250) by the expiration of 12 months from date of invoice, that the Puritan Manufacturing Company will buy back, for cash, at the original invoice price, sufficient jewelry from the merchant to make up the deficiency, and remit for same by New York Exchange." So it was really a trial order, in which the company was engaging to do the advertising and guarantee the sales, provided the defendant would comply with the terms on his part, selling the goods and returning any that proved not satisfactory. It appears, also, from the letters in evidence, that the defendant did not refuse to accept the goods because they were not in accordance with the contract, but after receiving them proposed to send them back, because they were not like the samples showed him by the salesman. After having full knowledge, from an examination of the goods, he wrote a letter to the plaintiff, saying that he had concluded to take the goods and carry out the contract to the letter.

The contract, showing on its face that all former conversations were merged into it, is the sole expositor of the agreement between the parties, and the defendant acknowledges that he has not availed himself of the warranty clause, or the exchange plan. The defendant could not avoid paying the money called for by the contract by setting up other matters not provided for in the contract. Hence there was no error in the action of the court in excluding the evidence offered by the defendant, and in giving the general affirmative charge in favor of the plaintiff. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.