ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(92 South. 473)
## MILLER BROS. v. DIRECT LUMBER CO.
(6 Div. 628.)

(Supreme Court of Alabama. April 20, 1922.)

1. Sales ⏦82(2)—Presumed to have been for cash in absence of contrary stipulation.

Where the written contract of sale was silent as to the time of payment, the sale will be regarded as having been made for cash, so that the payment of the purchase price and delivery of the goods were to be concurrent acts.

2. Evidence ⏦442(6)—Within parol evidence rule presumption sale was for cash makes contract complete.

Though the written contract of sale did not specify the time of payment the legal presumption that such sale was to be for cash makes the contract complete, so that evidence of oral stipulations or agreements tending to contradict or vary the written contract is inadmissible.

3. Evidence ⏦441(9)—Parol evidence one-half of price was to be paid before loading varies written contract silent as to time of payment.

Proof of an oral agreement between the parties to a written contract for the sale of lumber that one-half of the purchase price was to be paid before the lumber was loaded and after it was inspected in the seller's yard varies the written contract, though that was silent as to the time for payment.

Appeal from Circuit Court, Blount County; W. J. Martin, Judge.

Action by the Direct Lumber Company, a partnership, against Miller Bros., a partnership, on the common counts. Judgment for the plaintiffs, and the defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Action for money had and received; judgment for the plaintiffs, from which the defendants prosecute this appeal.

The insistence on the part of the plaintiffs was that they had paid the $150 here sought to be recovered to the defendants as an advancement on part of the purchase price for certain lumber agreed to be shipped by the defendants to the plaintiffs, no part of which was ever shipped or received by plain-tiffs. The defendants sought to establish a defense of recoupment, and to establish that while the $150 was paid as part of the purchase money of certain lumber bought from them by the plaintiffs, yet that plaintiffs were at fault in failing to inspect the lumber at the yard of the defendants, and pay them therefor one-half of the contract price before the lumber was loaded on the cars; that the plaintiffs failed to inspect the lumber and failed to furnish cars which were to be furnished by the plaintiffs, and that the lumber was sold at a less price than the contract, and defendants were damaged thereby. The contract was in writing, and in the following language:

"4—16—20.

"Miller Bros.: Ship to the Direct Lumber & Paint Co. at Birmingham, Ala., 3 cars by July 15, 1920. Bal. by Aug. 10, 1920.

2 cars 1x4 68—10 to 16 per M...................... 32.50
1 car 1x10—10 to 16........................... 35.00
1 car 1x12—10 to 16........................... 38.00
1 car 1x14—10 to 16........................... 42.50
2 cars 2x4 wide............................. 30.00

"None to grade under No. 2 com.

"No. 1 and better to be stacked as cut, f. o. b. cars Altoona, Ala.

"Accepted: Miller Bros., per P. A. Miller."

The defendants offered to show that at the time of making this contract the plaintiffs had agreed to inspect the lumber on the defendants' yard, and pay 50 per cent. of the contract price at the time of inspection, and pay the other 50 per cent. of the contract price when the lumber was placed f. o. b. Altoona.

Objection to this evidence upon the ground it varied the terms of the written contract was sustained. Motion for new trial was interposed by the defendants, based upon the ground that the court erred in not permitting the defendants to prove that part of the contract which was oral, and in sustaining the objection of plaintiffs to prove that part of the contract which was oral.

The motion was overruled.

Ward, Nash & Fendley, of Oneonta, for appellant.

The court erred in its rulings on the evidence, and should have granted the motion for new trial. 75 Ala. 487; 117 Ala. 603, 23 South. 655; 204 Ala. 251, 85 South. 476, and cases cited.

Russell & Johnson, of Oneonta, for appellee.

Only rulings arising on the motion for new trial can be considered, since the bill of exceptions was presented more than 90 days after the trial. 3 Ala. App. 547, 57 South. 630; 4 Ala. App. 390, 58 South. 118. There was no error committed by the trial court in overruling the motion for new trial. 113

⏦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 519, 21 South. 376, 59 Am. St. Rep. 135; 196 Ala. 248, 72 South. 110; 31 Ala. 160.

GARDNER, J. The action of the court in overruling the defendants' motion for a new trial, is the only question here presented for consideration. The grounds of the motion were stated in very general language, and it may be seriously questioned that the court is required to further inspect the record for the ascertainment of the particular rulings on evidence, of which complaint is made. Moneagle v. Livingston, 150 Ala. 562, 43 South. 843. We pass this question, however, without decision, and rest our conclusion upon the matters of merit involved in the appeal.

[1, 2] This litigation arises out of a contract in writing for the sale of lumber by the defendants to the plaintiffs. The contract will appear in the report of the case. Under its terms the lumber was to be loaded by the seller on the cars at Altoona; but the contract was silent as to the question of time of payment. Under such circumstances, the sale will be regarded as having been made for cash. Robbins v. Harrison, 31 Ala. 160; Brady v. Green, 159 Ala. 483, 48 South. 807; Long v. Addix, 184 Ala. 236, 63 South. 982; 23 R. C. L. 1382. The payment of the purchase price and delivery of the lumber were therefore concurrent acts. It therefore appears the contract was complete; and it is a well-understood rule of evidence that parol proof of oral stipulations or agreements, tending to contradict or vary the written contract, is not admissible. 10 R. C. L. 1030; 7 Mayf. Dig. 355, 356; Roll v. Puritan Mfg. Co., 162 Ala. 416, 50 South. 354.

[3] The admission of the proof offered by the defendants would have done violence to this well-established rule, that sought to show that plaintiffs had orally agreed at the time of making this contract that they would come to Altoona and inspect the lumber on the defendants' millyard, and at the time of inspection pay one-half the contract price, and the remainder of the contract price when the lumber was loaded on the cars. Under the terms of such an oral agreement the plaintiffs will be required to surrender one-half of the purchase price without the security of a delivery of any of the lumber, while according to the terms of the written contract, in connection with the rule of law applicable thereto, the delivery of the lumber was to be a concurrent act with the payment of the purchase price. The evidence was properly excluded, and the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.