CHAS. E. MORRIS & CO. v. BYNUM BROS.
(6 Div. 649.)

(Supreme Court of Alabama. May 18, 1922.)

1. Principal and agent ⬡189(2)—Allegations of agency held not demurrable.

A plea, alleging a contract made by H. "as agent for plaintiffs," is not demurrable because it does not allege that such agent was acting within the scope of his authority, though the better form of allegation would have been that the contract counted on was entered into by the plaintiffs through their agent duly authorized by them in that behalf.

2. Pleading ⬡173—Indorsement of contract on invoice set up in replication in action for goods sold by agent not conclusive.

An indorsement, on an invoice presented in the replication covering goods sold by an agent to defendant, of a contract different from the one set up in defendant's plea as having been made with plaintiffs' agent, if brought to the attention of defendant at the time of receipt of the goods, would tend to prove a different contract than that relied upon by defendant, but would not of itself be a sufficient denial of the alleged agent's contract, or change the terms of such contract, or estop defendant to plead the contract as he understood it.

3. Evidence ⬡182, 187—Principal may testify to terms of oral contract, though agent testifies that it was reduced to writing, and question whether contract was written is for jury.

When a contract for the sale of goods has been entered into by an agent but not reduced to writing, it is competent for the principal to testify as to its terms without producing any memorandum, notwithstanding the fact that the agent's testimony might admit of an inference to the contrary, and the question so raised, whether the contract was written or parol, and its terms, becomes a question of fact.

4. Principal and agent ⬡104(2)—Contract guaranteeing sale of goods not within apparent scope of traveling salesman's authority.

An ordinary traveling salesman has not such general or apparent authority as will support a contract of unusual warranties such as guaranteeing the sale of goods, even though it may be impossible to effect a sale without the guaranty.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action on account by Chas. E. Morris & Co. against Bynum Brothers. From a judgment for defendants, plaintiffs appeal. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

C. B. Harvey, of Oneonta, and Hooton & Hooton, of Roanoke, for appellants.

An agent, in order to bind his principal, must act within the scope of his authority. 128 Ala. 666, 29 South. 651; 84 Ala. 519, 4 South. 400. Where a person deals with an agent having limited authority he must acquaint himself with the extent thereof. 68 Mich. 531, 36 N. W. 726; 17 Or. 607, 22 Pac. 113; 86 Va. 527, 10 S. E. 414; 83 Ala. 542, 4 South. 844; 65 Ala. 59; 87 Ala. 311, 5 South. 876, 13 Am. St. Rep. 36; 123 Ala. 667, 26 South. 655. A general agent for the sale of merchandise has no authority as such to make warranties on guaranties, etc. 69 Ala. 304; 71 Ala. 579; 76 Ala. 69; 84 Ala. 447, 4 South. 697; 88 Ala. 140, 7 South. 196; 90 Ala. 24, 8 South. 87, 9 L. R. A. 388; 107 Ala. 716, 19 South. 777, 54 Am. St. Rep. 131.

Russell & Johnson, of Oneonta, for appellees.

The ratification of the unauthorized acts of an agent relate back to the time of making the contract or doing the act. 2 C. J. 516; 11 Ala. 1058, 46 Am. Dec. 238; 7 Ala. 800, 42 Am. Dec. 612; 117 Ala. 430, 23 South. 534; 72 Ala. 248; 2 R. C. L. 927.

SAYRE, J. Plaintiffs brought this action to recover a sum alleged to be due from defendants for goods, clothing, sold by plaintiffs to defendants. There was a plea of recoupment, and on this plea defendants recovered a judgment over against plaintiffs; the cause being tried by the court without a jury. Plaintiffs appeal.

[1] The plea, alleging payment in large part for the goods in question, counted on the breach of a contract by which T. L. Harlan, "as agent for plaintiffs," when making the sale of the goods to defendants, agreed

that, if defendants could not sell certain items thereof, plaintiffs would "take said clothes off the hands of defendants at the sale price." The demurrer to this plea, that it failed to allege that said agent, in making the agreement counted on, was acting within the scope of his authority, was correctly overruled. The better form of allegation would have been that the contract counted on was entered into by plaintiffs through their agent duly authorized by them in that behalf (Childers v.-Emory, 8 Wheat. 642, 5 L. Ed. 705); but the allegation adopted is substantially that approved in Western Union v. Garthright, 151 Ala. 413, 44 South. 212, and Childress v. Miller, 4 Ala. 447, and is tolerable (2 Cyc. 904).

[2] The demurrer to plaintiffs' replication was properly sustained. The fact that plaintiffs indorsed on the invoice a statement of the contract different from that set up in the plea, if brought to the attention of defendants at the time of the receipt of the goods, would tend to prove the contract to be different from that alleged in the plea, but did not of itself suffice to deny that contract, change its terms, or estop defendants to allege a contract in the terms of the plea.

[3] Defendants' witness O. D. Bynum testified that the contract between the parties was not reduced to writing, and, of course, it was competent for him on his theory of the facts to state its terms without producing a memorandum made at the time by plaintiffs' agent, notwithstanding the agent's testimony admitted of an inference to the contrary. In this state of the evidence, the question whether the contract was in writing or parol, and its terms, was a question of fact, for jury decision ordinarily; in this case a question to be determined by the court.

[4] But judgment should not have been rendered for defendants on the evidence in the cause. Harlan, the agent through whom the sale was negotiated, does not appear to have had any authority other than such as traveling salesmen generally have. The fact, if a fact, that he assumed to act in making the sale upon some such authority, did not suffice to prove his authority against the denial of plaintiffs. As a witness he denied the contract alleged in the plea. There was no proof of it. That was quite an unusual contract, if made. "The implied power of an agent to warrant title and guaranty rests upon the necessity and propriety of such warranties in the sale of goods. It is not therefore to be extended to other warranties of an unusual sort, however impossible the agent may find it to make a sale without giving such warranties." 2 C. J. 605.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.