193 So. 120

LOEGLER v. C. V. HILL & CO.

6 Div. 490.

Supreme Court of Alabama.

Jan. 11, 1940.

James & Stewart, of Cullman, for appellant.

Ritter, Wynn & Carmichael, of Birmingham, St. John & St. John, of Cullman, and Victor H. Smith, of Birmingham, for appellee.

FOSTER, Justice.

The question in this case is whether appellee is liable in a suit against it for damages for the breach of a verbal contract of warranty in a sale made to appellant of a refrigeration outfit by Dawson. Dawson and appellant executed a contract of sale whereby the title was to remain in Dawson as security for the purchase price, and which was assigned to appellee immediately upon its execution, and whereby appellee furnished a large part of the outfit which it produced. The unit was sold by Dawson completely assembled and installed. But it was not so manufactured. Dawson obtained some of the attachments from other sources and assembled them, and installed the unit.

Appellant contends that for several months it did not work satisfactorily. This was due to unsuitable parts which Dawson did not obtain from appellee. But upon complaint being made to appellee, it corrected the condition,—after which there was no more trouble. Appellant claims that Dawson warranted for appellee, and as its agent, satisfactory operation of the unit for eighteen months.

On the evidence, the court gave the affirmative charge for appellee.

We first consider the situation on the assumption that Dawson was an agent of appellee, but without authority to bind his principal by the warranty. The rule is fully established in this State that the principal may not be held liable on such a warranty in a suit against him for its breach. But if such agent without authority makes a warranty in the sale of property for his principal, who undertakes to comply with the contract of sale, though without notice of the warranty, and later sues the buyer on that account for the purchase price, the buyer may in defense set up a breach of the warranty. Bell, Rogers & Zemurray Bros. v. Jenkins, 221 Ala. 652, 130 So. 396; Rawleigh Co. v. Phillips, 232 Ala. 142, 167 So. 271; Abercrombie v. Martin & Hoyt Co., 227 Ala. 510, 150 So. 497; Cardinal Hat Co. v. Lande, 228 Ala. 176, 153 So. 196. But the principal is not otherwise bound by such unauthorized warranty. Philips & Buttorff Co. v. Wild Bros., 144 Ala. 545, 39 So. 359; Herring v. Skaggs, 73 Ala. 446; Rawleigh Co. v. Phillips, supra.

This theory has been applied when there was no agency at all, but the seller making the warranty assigned the contract to another. Such an assignment ordinarily does not impose on the assignee the personal duty to fulfill the obligations imposed by the contract on his assignor. But if he brings action on the instrument his right is limited by the burdens and obligations which his assignor thereby assumed. 4 Amer.Jur. 311, sec. 104; 2 R.C.L. 626, sec. 34; 5 Corpus Juris 977, text and note 14; 6 Corpus Juris Secundum, Assignments, page 1162, text §§ 106, 107, and note 16; McGill v. Baker, 147 Wash. 394, 266 P. 138; Blue Star Nav. Co. v. Em-

mons Coal Mining Corporation, 276 Pa. 352, 120 A. 459.

This Court did not hold in Garrison v. Hamlin, 215 Ala. 39, 109 So. 106, that a mere assignee of a contract could be sued for a breach of its terms.

But appellant also contends that Dawson was such an agent as to have authority to bind appellee by the warranty to which we have referred.

The uncontradicted evidence was that he had no such authority. His contract was inconsistent with any theory of agency at all. But if notwithstanding that he was so held out by appellee, and he became thereby an agent in relation to third persons dealing with him, such agency does not carry with it the implied power to warrant the property sold beyond what was usual and customary in such transactions. There is nothing here like that of a manager for appellee shown, as discussed in Warren Webster & Co. v. Zac Smith Stationery Co., 222 Ala. 41, 130 So. 545; Rawleigh Co. v. Phillips, supra; Modern Order of Praetorians v. Childs, 214 Ala. 403, 108 So. 23; Luquire Funeral Homes Ins. Co. v. Turner, 235 Ala. 305, 178 So. 536.

But it has been held that not every general agent has implied authority to warrant an article which he sells for his principal. It is said to depend upon the custom to make such warranties. Herring v. Skaggs, 73 Ala. 446; Id., 62 Ala. 180, 34 Am.Rep. 4.

And it is a general rule that a salesman of personal property has no implied authority to make warranties which are unusual or not customary in such transactions. Morris & Co. v. Bynum Bros., 207 Ala. 541, 93 So. 467; Troy Grocery Co. v. Potter & Wrightington, 139 Ala. 359, 36 So. 12; 2 Corpus Juris Secundum, Agency, § 115, page 1334.

The catalogue which had been exhibited to appellant contained a plain statement of the warranty which appellee made on the sale of its equipment. Appellant claims that the warranty made by Dawson was materially different from that set out in the catalogue. There is no evidence that the warranty, as appellant claims, was such as was usual or customary in such transactions. There is nothing to show that appellant had a right to assume that Dawson was authorized to make a warranty different from that set out in the catalogue. He accepted such a warranty, if it was made, at his own risk of its binding effect on appellee.

We do not wish to imply by this discussion that we think the evidence is sufficient to go to the jury on the question of whether Dawson was the agent of appellee, or whether he was, as his contract declares and shows, a purchaser of the property from appellee as he sold it to appellant. All the terms of his contract are clear that his relation to appellee was as an independent contractor or jobber. Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74; 55 Corpus Juris 42; 2 Corpus Juris Secundum, Agency, § 2, page 1031, et seq. Of course, such a contract may be shown to be but a front view, hiding the real relation between them. And he may be held out as an agent so that the principal is bound by the ordinary incidents of such form of agency. We pretermit that whole question, since appellant cannot recover on the assumption that Dawson was the agent of appellee, since such agency did not include the right to make the warranty relied on.

Moreover, the warranty here relied on was verbal if made at all. And it was in connection with a sale transaction evidenced by a written instrument executed by both parties which they designated a conditional sale contract. Such a verbal warranty has the effect of adding a material term to the contract, and is in violation of its expressed provisions. It cannot therefore be given effect as a feature of the transaction. Whitehead v. Lane & Bodley Co., 72 Ala. 39; Stewart v. Bradford, 26 Ala. 410; Bush v. Bradford, 15 Ala 317; 22 Corpus Juris 1097, sec. 1454; id. 1119, sec. 1481; Griffin v. Tatum Chevrolet Co., 231 Ala. 534, 166 So. 49.

The questions reserved on the introduction of evidence do not show reversible error, and we think there was none in giving the affirmative charge for appellee.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.