194 So. 842
## B. F. GOODRICH CO. et al. v. HUGHES.
### 6 Div. 556.

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellants.

376

Basil A. Wood, of Birmingham, for appellee.

FOSTER, Justice.

In a suit by appellee against the B. F. Goodrich Company, a corporation, Goodrich Silvertown, Inc., a corporation, L. E. Tadrick, and Commercial Credit Company, a corporation, a judgment was rendered in favor of defendant Commercial Credit Company, and against the other defendants who are the appellants here. Those appellants caused notice to issue under section 6143, Code, to Commercial Credit Company, which appeared and filed a motion quashing the notice to it, and that it be not required to join in the appeal.

■ The Code section referred to has no application to a party defendant in whose favor the judgment was rendered. Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512; Mancill v. Thomas, 216 Ala. 623, 114 So. 223.

■ The Commercial Credit Company is not made a party by such notice. It is given the right to join in the appeal and assign errors if it is so disposed. Otherwise the appeal progresses by and in the name only of those who took the appeal. Hawkins v. Barber, 231 Ala. 53, 163 So. 608.

■ Since Commercial Credit Company has not, in response to the notice, seen fit to join in the appeal, and has not otherwise become a party to it, the rights of those who have appealed will be determined without prejudice to that company, but to preserve that status, it is not necessary to make an order in response to the motion which it has made.

We will therefore proceed to consider the merits of the appellants on the basis of their assignments of error, and argument in briefs.

This is an action for trespass and conversion, resulting from the taking of an automobile and its contents, including certain items of personal property.

The defendants filed special pleas of justification, and the general issue. The justification claimed was that the seizure was under the power contained in a chattel mortgage covering the automobile, then in default, which the pleas alleged had occurred before the seizure, and that the seizure was effected peaceably without force or violence, or a breach of the peace. Rhodes-Carroll v. Webb, 230 Ala. 251, 160 So. 247.

The first question here presented is as to the sufficiency of replication No. 2, to which the court overruled demurrers insofar as the same was an answer to said pleas and each of them. In plea No. 3 defendants alleged that the consideration of the mortgage was the purchase price of two automobile tires and tubes. The other pleas do not contain such a recital.

Replication No. 2 refers to the purchase of the tires and tubes, which occurred in Georgia, was evidenced by a written contract of purchase whereby the title was retained by the Goodrich Company until full payment of the purchase price, and then pleaded a statute of Georgia (Code 1933, § 96-108), whereby in such a transaction, if "the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement of the price, unless it is otherwise agreed in the contract of sale"; that the tires and tubes were damaged without his fault prior to the taking of said property under the mortgage, and that he was entitled to a deduction of $18 as an abatement of the purchase price, which cancelled the mortgage debt.

The claim that demurrer to this replication as an answer to pleas 4 to 8, respectively, should have been sustained because those pleas do not recite that the consideration of the mortgage was the purchase price of the tires and tubes, and that said replication does not so state, is without prejudice, we think, since such is the undisputed evidence. Rule 45, Supreme Court Practice.

If by reason of an abatement, the entire mortgage debt was discharged, appellant had no right to retake the property under the mortgage pursuant to any of its provisions.

But appellant contends that such purchaser, by virtue of the Georgia statute, must elect whether he will rescind or abate the purchase price. While the plea seeking an abatement is an election, the contention means that it must be made at some prior time. It is also contended that the averments of the plea are insufficient to invoke the statute, and are but the conclusion of the pleader.

No Georgia cases are pleaded which interpret this statute, and we have made an independent search for them as precedent in that connection, but we find none which are helpful in construing this replication.

It is inconceivable to us that this code section permits an abatement of the purchase price for every sort of damage that may arise consistent with an absence of fault by the purchaser, such as results from the kind of use for which it was purchased. The replication avers the damage in the language of the statute. In the absence of some principle to the contrary, we are inclined to the view that the replication need not be more specific than is the statute. On such a replication, plaintiff should be limited to prove such damage as the statute contemplates.

Replication No. 3 sets up the making of certain representations as to the quality and durability of the tires sold, the price of which was the consideration of the mortgage, and which were the subject matter of the conditional sale contract. The representations are not alleged to have been wilfully false, nor with the intent to deceive, nor recklessly without knowledge of their falsity, nor made by mistake and innocently, but acted upon. Sections 8049, 5677, 7353, 7354; Harton v. Belcher, 195 Ala. 186, 70 So. 141. It is uncertain whether this replication undertakes to set up fraud or the breach of a warranty. It alleges that it was represented that they would last approximately twelve months, and travel for a distance of approximately 15,000 miles; that they did not last twelve months, nor travel 15,000 miles, but began to show wear within two and one-half months, and after 4,000 miles of travel. He then made demand for an abatement of the purchase price.

The failure to last twelve months, and to travel 15,000 miles do not constitute fraud, though it was represented that they would do that. It could therefore only serve as a warranty. It will be so treated.

But it is argued that any damage so resulting does not automatically abate the amount of the mortgage debt. And the principle has application when the damage results in a transaction not growing out of the subject matter of the mortgage whose debt is sought to be abated. McCullars v. Harkness, 113 Ala. 250, 21 So. 472.

But when the damage does grow out of the same transaction, the claim is by way of recoupment, which is essentially that the mortgage debt is thereby diminished or destroyed, with no right, when pleaded at law, to a judgment over, except by virtue of the existing statute which so provides.

Section 10179, Code. So that we take it that on account of the relation which recoupment has to the debt, it is thereby automatically abated or destroyed. Grisham v. Bodman, 111 Ala. 194, 20 So. 514; Lowery v. Mutual Loan Soc., 202 Ala. 51, 79 So. 389.

The foregoing discussion considers all the arguments made by appellants as to the sufficiency of replications numbered 2 and 3. The ruling on demurrer to them is without reversible error, as so considered.

### Assignments 9, 52 and 53.

■ The following explanation of the contention made by appellants in this connection appears in their brief:

"These assignments are predicated upon the court's overruling these appellants' objection to a question asked appellee's witness Miss Bonnie Burke on direct examination as to what happened concerning a telephone call which such witness, the telephone operator at the Altamont Apartment building, testified she received at or about the time of the taking complained of, and in overruling these appellants' motion made at the conclusion of all the evidence presented by appellee to exclude the testimony of such witness concerning such telephone call. * * *

"Miss Bonnie Burke, telephone operator at the Altamont Apartment building, was permitted to testify over the objection of these appellants that on the afternoon the automobile was taken she received an outside telephone call saying appellee was ill and his sons were outside and for her to get them inside, as the father might need them. * * *

"Appellee did not attempt to adduce any evidence directly connecting these appellants with such telephone call. The witness Miss Burke did not say from whom the call came and appellant L. E. Tadrick, who was in charge of the employees of appellant The B. F. Goodrich Company who took possession of the automobile, testified that no such call came from any such employees."

And in this connection, Mr. Tadrick, one of the appellants, and the authorized representative of the Goodrich Company, testified as follows: "About July 26, 1939 when I was at the Altamont Apartment with one or two other employees of the B. F. Goodrich Company, I drove up in a car and two boys were in the automobile and I introduced myself as being with the Goodrich Company and asked was that Mr. Hughes' car and they said yes. We told the boys we would like to talk to Mr. Hughes and also told the boys we were taking possession of the car on our legal instruments right then, and a colored boy from the apartment came out and told the boys their father wanted to talk to them over the telephone in the lobby and when the boys left the car, I left behind them and we went into the apartment and the boys were talking to their father and I asked to speak to their father, which I did."

This telephone call occurring as it did exactly when the Goodrich people were at the car claiming the right to recapture it while two of appellee's sons were in it was at least an explanation of their leaving it then and there in the power of the Goodrich people. It was a circumstance attending the occurrence, regardless of who might have been responsible for it, and admissible as such.

### Assignments 20, 21, 22, 59, 60, 61, 62, 63, 86, 87 and 88.

In explanation of these assignments, the following is taken from appellants' brief:

"These assignments are predicated upon the court's overruling these appellants' objection to certain questions asked appellee's witness Dr. Alto V. Ward on direct examination concerning such witness' charge to appellee for his professional services in treating appellee, upon the court's overruling these appellants' objections to certain questions asked appellee testifying as a witness for himself on direct examination concerning the charges made by the doctor and nurses for professional services in treating appellee, and upon the court's refusal to give to the jury the following written jury charges which were requested by these appellants:

"36. I charge you that the plaintiff cannot recover in this action the amount of any doctors' bills, hospital bills, nurses' bills or other medical expense.

"37. I charge you that the plaintiff cannot recover in this action the amount of any doctors' bills.

"40. I charge you that the plaintiff cannot recover in this action the amount of any medical expense.

"All counts of the complaint except count two claim damages for a trespass to personal property, count two being an action of trover for the conversion of the personal property. It is not averred that appellee

was present at the time of the trespass or conversion. In fact, the averments of counts four and five and all the proof showed that appellee was not present at the time of the taking of the property. It is undisputed that appellee was ill with a stomach disorder at the time of the taking complained of. Appellee's own testimony showed that he was ill and had been ill for some two or three days prior to July 26, the date of the taking."

■ Appellee here insists that we cannot consider these assignments because they are jointly argued, if any one is without error, and because the assignments do not specify the grounds on which objection was made.

But we have frequently held that when several assignments are so related as that they may be argued together with consistent propriety, they will be each considered separately, if necessary. White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812. Rule 1 does not require that each ground of objection be made a separate assignment, as that it is not necessary to make each ground of a demurrer a separate assignment. Jackson v. Ariton Banking Co., 214 Ala. 483, 108 So. 359, 45 A.L.R. 1026; Allison-Russell Co. v. Sommers, 219 Ala. 33, 121 So. 42.

■ So that the question is presented of whether in a case for trespass and conversion of personal property, which aggravates a physical condition, then existing, due to his mental and nervous reactions, may the recovery include compensation for the damage thus occasioned, such as doctors' bills and hospital charges, and other medical expense? If such physical reactions were compensable, so would be the proper expense of their treatment. In that connection, some principles seem settled. When a trespass to property is committed under circumstances of insult or contumely, mental suffering may be compensated for, when it is a proximate consequence. Mattingly v. Houston, 167 Ala. 167, 52 So. 78; Louisville & Nashville R. R. Co. v. Fletcher, 194 Ala. 257, 69 So. 634; Holder v. Elmwood Corp., 231 Ala. 411, 165 So. 235.

And when it is accompanied with insult or malice punitive damages may be recovered in trover, Howton v. Mathias, 197 Ala. 457, 73 So. 92, and in trespass, Wilkinson v. Searcy, 76 Ala. 176.

■ . But "as a general rule, the law will not permit the recovery of damages for mental distress, where the tort results in mere injury to property," but "where there has been a physical injury to a person, under circumstances warranting the recovery of compensatory damages therefor, mental suffering, which is a natural incident thereto, furnishes one of the elements of recoverable damages." Birmingham Water Works Co. v. Martini, 2 Ala.App. 652, 657, 56 So. 830, 832; Brookside-Pratt Mining Co. v. McAllister, 196 Ala. 110, 72 So. 18; Bube v. Birmingham Rwy. Lt. & Power Co., 140 Ala. 276, 37 So. 285, 103 Am.St. Rep. 33; 17 Corpus Juris 836, text and note 82; 15 Amer.Jur. 598, sec. 181.

Nervous reactions naturally are in the same category as those which are mental, as the result of a tort which is merely an injury to property or its possession, as distinguished from one to the person. Unless it is committed under circumstances of insult or contumely, such reactions are not considered by the decisions of this Court as proper elements of damages.

■ There is no such claim here made in the complaint nor in the evidence. The fact that the tort may have been accomplished by deception or subterfuge is not enough to justify such allowance of damages. Error to reversal is here shown.

Assignments 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 50 and 51.

■ We do not think that the court erred in respect to this evidence. Appellants still had possession of the car and the items of property of appellee which were in the car. There was evidence that appellants had refused to deliver them to the son of appellee, and Mr. Tadrick went to the hospital to deliver them to him. Appellants had no claim to this property; it is included in the claim for damages and its return to appellee was in mitigation of the damages. What then occurred and its incidents were within the res gestae of a material circumstance.

Assignments 48, 49 and 55.

■ These assignments relate to evidence admitted by the court over the objection of defendants that the Goodrich Company guaranteed the tires to last 15,000 miles and give at least one year's service. The insistence is that this adds a term to the recitals of the contract in writing.

But the written contract was only signed by the purchaser, and provided that the title shall remain in the Goodrich Company until the price was fully paid; that in case of damage or loss to the property from any cause, it should be borne by the purchaser. The contract in no respect sets out any undertaking by the Goodrich Company; and is not executed by them: it is not a conveyance by them upon the condition named: it does not recite that there are no other warranties or representations. It is quite different in all these respects from Griffin v. Tatum Chevrolet Co., 231 Ala. 534, 166 So. 49, and Loegler v. C. V. Hill & Co., Jan. 11, 1940, Ala.Sup., 193 So. 120,[1] and Miller v. Direct Lumber Co., 207 Ala. 338, 92 So. 473. See, also, Jackson v. Sample, 234 Ala. 75, 173 So. 510.

### Assignments 66, 67, 68, 69, 71, 72, 73, 75, 76 and 77.

 These assignments relate to the refusal of the affirmative charge as to each count except Nos. 4 and 5. They were properly refused as applicable to Goodrich Company and Tadrick. The question of whether the amount of the mortgage debt, which was the price of the tires and tubes, was extinguished by reason of a warranty, was for the jury. If that debt had been discharged in that way, appellants had no right to seize the property. And although defendants' plea 6 may have been proved, it is also true plaintiff's replication No. 3 to it was properly left to the jury.

But assignments 75, 76 and 77 are for appellant "Goodrich Silvertown, Inc." The assignments are separate. There is no evidence connecting that appellant with the tort and those charges should have been given.

### Assignments 70, 74, 78, 82, 89, 90, 91 and 92.

These relate to the refusal of the affirmative charge as to counts 4 and 5, each separately. These counts charge that possession of the car and its contents were obtained by deception and subterfuge, in that, appellants were responsible for a telephone call which caused the two sons of appellee to leave the car unattended, so that they could and did seize it without any one present to object. But there is no evidence which connected appellants with such telephone call. All those who went for the car were out with it when the call was made. It is not shown that anyone else representing appellants had anything to do with it. This would be a circumstance, if there were other evidence which tended to connect appellants with it. It merely serves as evidence of a possibility that appellants were responsible. But that alone is not sufficient to carry the question to the jury.

These charges should have been given.

### Assignment No. 93.

This charge is in substance that plaintiff cannot have a recovery under his replication No. 2. We have stated that this replication is predicated upon a Georgia statute. Not otherwise now considering its effect, it is dependent on an absence of agreement in the contract of sale. The contract executed by plaintiff provided that he should bear the damage or loss to the property from any cause. Appellants had pleaded that situation in a rejoinder to replication No. 2, to which demurrer had been overruled. We fail to observe any reason why this charge should not have been given.

We do not see the necessity of considering the other questions raised.

For the errors indicated, the judgment is reversed as to all appellants, but not as to Commercial Credit Company, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

