ALMON, Justice.
Lucille Harris, as administratrix of the estate of John Cooper Harris, deceased, appeals from a summary judgment entered in favor of the defendants, Birmingham Hide and Tallow Company, Inc., and Talmai Owen Vickers, in her action alleging the wrongful death of her husband, John Cooper Harris. Mr. Harris died as the result of a heart attack he suffered during an argument over Mr. Vickers’s right to remove some wood chips from a lot across the road from Mr. Harris’s house in or near Columbiana, Alabama.
The unfortunate facts of this case are simple. The lot across the road from the Harrises’ home had once been the site of a business whose byproduct was sawdust and wood chips. The business ceased to operate and, approximately one month pri- or to Mr. Harris’s death, its owner, Mack Warren, told Mr. Harris that “if he wanted all the wood chips and sawdust he could have them ... [;] he could do anything he wanted with the chips and if he sold any, the money would be his.” To prevent people from taking the sawdust and wood chips, Mr. Harris and his son stretched a cable across one of the entrances to the lot and placed a large log across the second entrance to the lot.
On August 18, 1986, Mr. Vickers, who is the president of Birmingham Hide and Tallow, along with two of his employees, traveled to Columbiana in three trucks to get wood chips from the lot across from Mr. Harris’s residence. Mr. Vickers had hunted in the area and had observed people taking wood chips from the lot. When Mr. Vickers and his employees arrived at the lot, they first parked their trucks along the public road next to the entrance to the lot. After Columbiana police officer Roy Lee came by and asked them how long they would be on the road, the men moved two of the trucks onto the lot. Sometime shortly after Mr. Vickers and his employees arrived at the lot, Mr. Harris arrived and, upon finding that they were there to get wood chips, became upset and quickly left. A few moments later he came back to the lot with Officer Lee. At that point, in the presence of Officer Lee, Mr. Vickers and Mr. Harris got into a discussion or an argument over Mr. Vickers’s right to get wood chips. There is no allegation that Mr. Vick-ers cursed or threatened Mr. Harris, although Officer Lee testified that Mr. Vick-ers told Mr. Harris that “we were told we could get all we wanted for free.” It was during this discussion that Mr. Harris suffered a heart attack.
Mrs. Harris argues that the trial court erred in entering the summary judgment, because, she says, she presented substantial evidence of wrongful conduct by the defendants that would have provided Mr. Harris a cause of action for his mental anguish if he had lived. In order to maintain an action for wrongful death, the wrongful act complained of must be of such a character as would have supported an action by the deceased for his injuries if he had survived. Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973). In order to recover damages for mental distress where the tort results in mere injury to property, the trespass to property must be committed under circumstances of insult or contumely. Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974); B.F. Goodrich Co. v. Hughes, 239 Ala. 373, 194 So. 842 (1940).
In this case, Mrs. Harris contends that Vickers’s statement to Mr. Harris during their argument that “we were told we could get all we wanted for free” was a lie and was also of a most insulting nature and that, therefore, that statement supplies the element of insult and contumely. We disagree. Mrs. Harris has offered no proof that this statement by Mr. Vickers was, in fact, untrue. Even assuming that it was untrue, however, this statement is not so insulting as to impose liability on the defendants for the wrongful death of Mr. Harris. Mrs. Harris’s contention that the fact that Mr. Vickers and his employees left the lot shortly after Mr. Harris collapsed is evidence of insult and contumely is also with *152 out merit. Because we determine that Mrs. Harris is not entitled to maintain an action for wrongful death against these defendants, we need not address the proximate cause issue that she has raised.
The trial judge correctly entered the summary judgment in favor of the defendants, Birmingham Hide and Tallow Company, Inc., and Talmai Owen Vickers, and that judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.