In August 1994, Randell Dockins and his wife Freeda Dockins sued Drummond Company, Inc., alleging that Drummond had engaged in blasting activities that caused damage to their property and caused them to suffer mental anguish. The Dockinses alleged that Drummond had acted negligently and wantonly, that Drummond was subject to strict liability for the blasting, and that the blasting amounted to a trespass and a nuisance. The Dockinses requested compensatory and punitive damages. The Dockinses amended their complaint to allege that the torts alleged in all the counts of the original complaint were continuous and ongoing and that the damage they had experienced was continuing in nature. Drummond filed a motion for summary judgment, which the trial court granted as to the wantonness claim and the allegation of mental anguish; the court denied the judgment motion on all the other claims. The trial court certified that partial summary judgment as a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P. The Dockinses appealed to the supreme court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. See West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870 (Ala. 1989), and Bass v. SouthTrust Bankof Baldwin County, 538 So.2d 794 (Ala. 1989), for a discussion of the application of the substantial evidence rule.
The Dockinses first argue that the trial court improperly entered the summary judgment on the wantonness claim. Our supreme court has defined "wantonness" as follows:
 " Wantonness is not merely a higher degree of culpability than negligence. . . . Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury."
Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators,Inc., 510 So.2d 142, 145 (Ala. 1987).
The Dockinses presented evidence that Drummond had blasted within 1,500 feet of their home. The Dockinses testified that they repeatedly contacted Drummond (12 to 14 times) to complain about the blasting and the damage to their home. The Dockinses also presented evidence that Drummond had received from the Surface Mining Commission two notifications of violations for "exceeding air blast limits" during the blasting at issue. "Wantonness in the context of a claim for trespass is an invasion of the plaintiff's property with knowledge of the violation of the plaintiffs rights in his or her property." Jesse P. Evans, Jr., Alabama Property Rights and Remedies, § 22.6 at 421. Evans cited in support of that statement the following cases: Cummans v. Dobbins, 575 So.2d 81 (Ala. 1991);Fort v. AT T Commun., Inc., 562 So.2d 135 (Ala. 1989);Stewart v. Lowery, 484 So.2d 1055 (Ala. 1985); W.T. Ratliff Co.v. Henley, 405 So.2d 141 (Ala. 1981); Calvert Marsh Coal Co.v. Pass, 393 So.2d 955 (Ala. 1981); Ex parte Birmingham RealtyCo., 183 Ala. 444, 63 So. 67 (1913).
Therefore, we conclude that the Dockinses presented substantial evidence in support of their claim that Drummond had wantonly continued its blasting operations. The summary *Page 1237 
judgment is reversed insofar as it relates to the wantonness claim.
The Dockinses next argue that the trial court improperly entered summary judgment on their claim for damages for mental anguish. Drummond argues that mental anguish damages are not recoverable in an action alleging damage resulting from blasting, absent a physical injury. The Dockinses concede that they were not physically injured by the blasting; however, they argue that a physical injury is not required in order to recover mental anguish damages in a blasting case.
Our supreme court has held that damages for mental anguish are allowed in an action alleging "culpable tortious conduct," regardless of the absence of a physical injury. Taylor v.Baptist Medical Center, Inc., 400 So.2d 369, 374 (Ala. 1981). Drummond relies on Hayes v. Newton Bros. Lumber Co.,481 So.2d 1123 (Ala. 1985), for the proposition that physical injury must be present in order to award damages for mental anguish. InHayes, our supreme court held that the failure to instruct the jury that damages for mental anguish were recoverable in an action alleging damage to a mobile home, without proof of physical injury, was harmless error, at most, because the jury found that the defendants were not liable at all. Id. at 1124. Therefore, Hayes is not authority for the proposition that damages for mental anguish are per se excluded in a tort action without a physical injury. Our supreme court has further held that, "[i]n order to recover damages for mental distress where the tort results in mere injury to property, the trespass to property must be committed under circumstances of insult or contumely." Harris v. Birmingham Hide Tallow Co.,589 So.2d 150, 151 (Ala. 1991). The Dockinses allege that Drummond continued its blasting with knowledge that it was causing damage to the Dockinses' property. Therefore, we conclude that the Dockinses are entitled to submit to the jury their claim for mental anguish damages, if they present substantial evidence that they suffered mental anguish caused by the blasting.
Mrs. Dockins was questioned regarding nonproperty damage:
 "Q. Okay. Are there any other damages like that that you are claiming in this lawsuit, and, again, other than what your husband testified to?
 "A. Just that we can't enjoy the life you know, around the house and all out in the yard and all that we would if it wasn't because of them — "
Mr. Dockins was questioned regarding damage he had personally suffered as a result of the blasting:
 "Q. Well, are there any other areas that you can point to and tell me where blasting has caused damage to you, other than what you've already told me about?
"A. Are you saying to me personally?
"Q. Yeah, to you as a plaintiff.
 "A. It's — it's bothered me a lot of different times. It's — you know, it's caused me to be angry several times. It's — to be aggravated at the damage that I'm seeing done to something that I've worked hard for and seemingly be nothing that I can do about it.
"Q. Okay. Anything else?
 "A. That's probably the only thing I can think of right at the moment."
We conclude that the Dockinses presented substantial evidence of mental anguish, especially in light of the fact that they presented substantial evidence of wantonness. Therefore, the summary judgment is reversed as to this claim, as well.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur. *Page 1238