# Mattingly, *et al. v.* Houston.

*Trespass.*

(Decided Nov. 25, 1909.   Rehearing denied Feb. 26, 1910.
52 South. 78.)

1. *Trover; Pleading; Sufficiency.*—Where two counts show a single trespass and one a single conversion alleged to have been the acts of the defendants, the wrong complained of was charged as the joint act of the defendants.

2. *Same; Measure of Damages.*—In trover the measure of damages is the value of the property at the time of the conversion, or at any time subsequent thereto and before the trial, with interest.

3. *Pleading; Reference From One Count to Another.*— Specific reference from one count to another is not only permissible but is often necessary to avoid unnecessary repetition and prolixity.

4. *Damages; Negligence; Measure of Damages.*—The measure of damages for a wrong the result of mere negligence is the compensation for pecuniary loss proximately resulting therefrom.

5. *Same; Mental Suffering; Proof.*—Mental suffering is not capable of being shown by direct proof, and hence, it was error to permit plaintiff to testify that she suffered and nearly worried herself to death about the levy of an attachment directed against a third person upon her goods.

6. *Sheriffs and Constables; Levy of Attachment; Possession of Property; Presumption as to Ownership.*—Where a sheriff or constable with an attachment to levy finds personal property in the possession of the defendant in attachment, such officer is entitled, in the absence of notice to the contrary, to presume that the person in possession is the owner of the property, and it becomes his duty to levy upon it accordingly.

7. *Attachment; Wrongful Levy; Defenses.*—Where the action is trover for levying an attachment sued out against a third person upon the goods of the plaintiff, a plea which fails to deny that the defendant officers had notice of plaintiff's claim of ownership in the property levied on, does not state a good defense.

8. *Same; Instructions.*—Where the action was in trover for the levy of attachment sued out against the husband on the property of the wife, and the attachment was levied in part upon the wife's personal apparel and furniture in which she had a beneficial interest subject to the title retained by the seller, a charge asserting that if the jury found that the property was in the possession of plaintiff's husband and he instructed the constable to go and take charge of it, then the jury should find for the defendant, was improper, since the husband could not dispose of the wife's property without her consent.

9. *Same.*—Where, under the evidence the issue as to whether plaintiff was entitled to damages for injured feelings or in the way of smart money should have been submitted to the jury, it was proper to refuse to charge that the measure of damages is the value of the hire or use of the property belonging to the plaintiff from the time of the taking to the return of the same, together with damages to the same.

10. *Trespass; Damages; Mental Suffering.*—Where mental suffering is the proximate and natural consequence of a trespass to property, committed under circumstances of insult and contumely, it becomes a proper element of damages.

11. *Same; Instrutcions.*—Where the action is for trespass to property accompanied by insulting and aggravating circumstances, a charge requiring the jury to find for the defendant unless actual damages were shown, was properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Nellie M. Houston against J. L. Mattingly and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The complaint was as follows: Count 1: "Plaintiff claims of the defendant $3,000 damages for wrongfully

taking the following goods and chattels, the property of plaintiff, to wit: (Here follows a detailed statement of the property alleged to have been wrongfully taken.)" Count 2: "Plaintiff claims of the defendant $3,000 damages, for that on, to wit, December 15, 1906, defendants with force and arms entered upon the premises of plaintiff at Bessemer, Ala., and took therefrom the following goods and chattels, to wit, the goods and chattels described in the first count of the complaint, wrongfully and maliciously, and to the great damage of plaintiff. Plaintiff avers that at the time of said taking said property was used by her in furnishing a home, that plaintiff was very ill and away from home, and that the defendant Sellers, at the instance and procurement of the other defendant, went to her home aforesaid, and forcibly entered said house and removed said property; that the said removal of said property caused great annoyance, suffering, and mental anguish to the plaintiff, and caused plaintiff great loss of property, and put her to great inconvenience, to her damage as aforesaid." Count 3: "Plaintiff claims of defendants $3,000 damages for the conversion by them on, towit, the 15th, day of December, 1906, of the following chattels, to wit, the same property as is described in the first count of this complaint, the property of the plaintiff."

The demurrers take the point that the complaint states no cause of action, and because it is not shown that the trespass complained of was a joint trespass. To the second and third counts the demurrers take the point that the property is not set out, and its value is not stated.

The plaintiff afterwards amended the second and third counts by the addition of the words: "And the said goods and chattels were the property of the plaintiff." The pleas were not guilty, and justification un-

der process, the substance of which is set out in the opinion.

The evidence tended to show that the house was rented from J. W. Waldrop as agent for Mrs. K. O. Ware, and that Mrs. Ware, through Waldrop, made the affidavit and procured the attachment to be issued to enforce collection of rent, and that Mattingly and Sellers, as constable and deputy constable, made the levy under the attachment upon the goods found in the house, which had been rented to Charles M. Houston. It further appears from the testimony that at the time the levy was made neither Houston nor his wife were at home, that the house was locked up, and that an entrance was obtained by forcing the lock on the back door. The other facts sufficiently appear from the opinion of the court.

The following charges were refused to the defendant: (12) "The court charges the jury that there can be no recovery in this case for annoyance, suffering, and mental enguish of the plaintiff." Charges 13, 14, 15, and 16 were very similar, and all directed that there could be no recovery on account of inconvenience, suffering, or mental anguish. (7) "The court charges the jury that there can be no recovery of anything except actual damages; and if you find from the evidence that the plaintiff has suffered no actual damages, then you should find for the defendant." (10) "The court charges the jury that if they find from the evidence in this case that the property in question in this case was in the possession of the husband of the plaintiff, and he instructed the constable to go and take charge of said property, then you should find for the defendant." (18) "The court charges the jury that the measure of damages in this case is the value of the hire or use of the articles of property shown to have been the property of the plaintiff, from the time of the taking to the return of

[Mattingly, et al. v. Houston.]

the same, together with the damage done to the same,
provided there was any damage to them."

ESTES, JONES & WELCH, for appellant.—No brief
came to the Reporter.

C. B. POWELL, for appellee.—No brief came to the Re-
porter.

SAYRE, J.—Waldrop, as agent for the owner, had
sued out an attachment against Charles M. Houston for
rent in arrears. The attachment was levied by Matting-
ly and Sellers, who were constable and deputy consta-
ble, on household goods in the house occupied as a resi-
dence by Houston and his wife, the appellee. A major
part of the goods had been purchased by Houston from
the Martin Furniture Company on the installment plan
with title reserved in the company. Appellee contended
that the goods bought from the furniture company had
been given to her by her husband. After a few days the
rights of the furniture company and Mrs. Houston were
recognized, and such of the property as belonged to
them respectively was restored to their possession; but
in the handling incident to the levy some articles be-
longing to Mrs. Houston had been damaged or destroy-
ed. In the suit which followed judgment was recovered
by Mrs. Houston on a complaint containing counts in
trespass and trover. From that judgment this appeal
is prosecuted.

There was no error in the rulings of the court on
questions raised by the pleading. Two counts show a
single trespass, one a single conversion alleged to have
been the act of the defendants. The only reasonable in-
terpretation of the complaint is that the wrong com-
plained of is charged as the joint act of the defendants
named.

The second count charges an offense against "the fol-
lowing goods and chattels, to wit, the goods and chat-
tle described in the first count of the complaint." The
third describes them as follows, to wit, "the same prop-
erty as is described in the first count of this complaint."
The method of adopting the averments of preceding
counts has been tolerated by this court, but has never
been approved as an admirable habit in pleading. Speci-
fic reference from one count to another is a different
thing. It is not only permissible according to the pre-
cedents, but often proper, in order to avoid unnecessary
repetition and prolixity, that one count should refer spe-
cifically to another.—*Robinson v. Drummond,* 24 Ala.
174; *Mardis v. Sheckleford,* 6 Ala. 433. There is no vir-
tue in forms of words. The language used in these
counts imports more than a mere incidental reference
to the property described in the first count. It inform-
ed the defendant of the purpose of the pleader to pro-
ceed in the second and third counts for a wrong to the
same property as that described with detail in the first
count, and so accomplished the purpose of all pleading.
Appellant's insistence just here considered was reiter-
ated in some of the charges requested in the court below,
but to no better effect.

Demurrer to the second plea was sustained. The
substance of the plea is that the defendant took the
plaintiff's goods in the way of levying upon them while
acting under authority of the writ of attachment and
had at the time no knowledge of plaintiff's ownership
of the property which was in the possession of the plain-
tiff's husband, the defendant in attachment, and that
the property levied upon was delivered to plaintiff as
soon as she made known her claim to it. When a sheriff
or constable, seeking to levy a valid writ of attachment,
finds personal property in the possession of the defend-

ant in attachment, he is entitled, in the absence of knowledge or notice to the contrary, to presume that the person in possession is the owner of the property, and it is his duty to levy upon it accordingly.—Murphree on Sheriffs, § 965. The plea fails to deny that defendants had notice of plaintiff's claim of ownership in the property levied on, and for that reason falls short of stating a valid defense. It is doubtful, however, whether the demurrer takes this point.

Charges 12, 13, 14, 15, and 16, refused to the defendants, asserted that there could be no recovery on account of plaintiff's annoyance, suffering, or mental anguish. The proposition of these charges, so far as it referred to the count in trover, was correctly stated. The measure of recovery under that count was the value of the property at the time of the conversion or at any time subsequent thereto, with interest.—*Sharpe v. Barney,* 114 Ala. 361, 21 South. 490; *Curry v. Wilson,* 48 Ala. 638. But in trespass damages take a wider range. A wrong, the result of mere negligence, is righted by awarding compensation for the proximately resulting pecuniary loss. In 1 Sutherland on Damages, § 95, it is stated on the authority of *White v. Dresser,* 135 Mass. 150, 46 Am. Rep. 454, that injured feelings are not to be regarded in awarding damages for wrongs done to property through gross carelessness (which means no more than negligence) ; no act or word of insult or contumely or any intentional violation of plaintiff's right being shown. For intentional wrong and such entire lack of care as raises the presumption of a conscious indifference to consequences punitive damages are awarded, of course. There was evidence which, if it found credence with the jury, justified the jury in imposing damages of this character. The precise question, however, is whether annoyance, suffering, or mental an-

guish—which terms it seems were used as being practically synonymous—caused by malicious wrong, as alleged in the second count to have been the case, are to be compensated for as actual damages, or whether the assessment of damages on that account is to be left to the sound discretion of the jury in assessing punitory damages. It was said, in *City National Bank v. Jeffries,* 73 Ala. 183, that it could not be denied that one who has been wrongfully and vexatiously attached might recover for his wounded feelings. We do not doubt that in assessing damages for a trespass to property mental suffering, established in the proof as the proximate and natural consequence of the trespass committed with circumstances of insult or contumely, is to be taken into account and compensated as a matter of right. There was therefore no error in refusing these charges to the defendant.

The proposition of charge 7 refused to the defendant has been more than once denied by this court.—*Alabama G. S. R. R .Co. v. Sellers,* 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17; *Parker v. Mise,* 27 Ala. 480, 62 Am. Dec. 776. We are not aware of any occasion calling for a review of the cases in which it has been so ruled.

Charge 10 asserts that if the jury should find from the evidence that the property in question was in the possession of the plaintiff's husband, and he instructed the constable to go and take charge of it, then they should find for the defendants. In argument it is said that the possession of the husband, his direction to take the property, and its subsequent return to the wife on discovery that it belonged to her, relieved the defendants of any liability as for wrong done. But as to a part of the property the possession shown in evidence was not the mere possession spoken of in the charge. It was materially qualified by attendant circumstances. The

charge pretermits all consideration of those circumstances which informed the defendants, in the exercise of reasonable prudence, that the husband's possession was specious only. Possession without more, such possession as was referred to in the charge, is evidence of ownership; but it is prima facie only. Where husband and wife live together, and his possession is worked out by reference to his general dominance of the household, as was the case here, the defendants when making the levy could not justly or becomingly extend his possession to the wife's personal apparel. The levy in part was upon the wife's apparel. Further, there was evidence tending —how strongly we will not say—to show the wife's beneficial ownership of the furniture purchased from the furniture company subject to the company's title retained for security and that the husband ordered it to be restored to the furniture company. The husband could not dispose of the wife's property without her consent in either of the ways here supposed to have been shown. The charge did not fairly present the phase of the case with which it dealt, and was properly refused.

Charge 18, upon which the appellants insist, states the rule for the admeasurement of damages in trespass de bonis asportatis as it was stated in *Fields v. Williams,* 91 Ala. 502, 8 South. 808, except that it omits all mention of circumstances of aggravation, which is to say the charge assumes that there was no evidence to warrant the assessment of damages for injured feelings or in the way of smart money. As the case must be tried again, we prefer not to go into details to show that there was such evidence. Suffice it to say there was evidence which required the submission of these questions to the jury, and there was no error in refusing the charge.

Plaintiff, being examined as a witness, was asked: "State whether or not you suffered any by reason of the defendants taking the property involved in this case." After objection overruled and exception reserved, she answered: "Certainly, I suffered; I was nearly worried to death about it." This was error. The matter sought to be proved is not capable of direct proof under the rule which has long prevailed in this state. The admission of testimony very nearly in identical language was held to be reversible error in *City National Bank v. Jeffries, supra.* The complaint, the course of the examination, and the question itself clearly indicated plaintiff's purpose to establish by the question a case of mental suffering. This could not be done in the manner attempted. We feel safe in the conclusion that the objectionable purpose of the question was entirely clear, that the evidence elicited by it was not free of injurious consequence to the case of defendants, that the objection should have been sustained in the form in which it was stated, and that for the error here shown the judgment ought to be reversed on the appeal of all the defendants.

Reversed and remanded.

Dowdell, C. J., and Anderson and Evans, JJ., concur.