# Louisville & Nashville R. R. Co. *v.* Fletcher.

## *Loss of Baggage.*

(Decided May 20, 1915. Rehearing denied June 30, 1915. 69 South. 634.)

1. *Pleading; Objection.*—Where damages not recoverable are claimed in a complaint, the objection thereto may be taken by objections to evidence, and by special charges covering the subject.

2. *Trespass; Damages; Mental Suffering.*—In assessing damages for a trespass to property, mental suffering resulting as the proxi-

mate and natural consequence of the suffering, and attended with circumstances of insult or contumely, must be compensated as a matter of right.

3. *Carriers; Loss of Baggage; Damages.*—Where the baggage of a passenger is lost as a result of simple negligence of the carrier the damages recoverable is the pecuniary loss at the time of non-delivery, or at any time subsequent thereto, with interest, unless there is evidence authorizing a recovery for inconvenience, worry or annoyance.

4. *Same; Instruction.*—Error in refusing to charge that a passenger, who sued for the loss of his baggage, could not recover for inconvenience, worry or annoyance, was not cured by a charge that he could not recover for mental anguish.

5. *Same.*—The expenses and loss of time incurred by a passenger in making a trip to see about his lost baggage, to identify, gather up and inspect it, or to investigate the damage done, or the cause of the non-delivery, are not recoverable from the carrier guilty of simple negligence in causing the loss of the baggage, as they are not the proximate or natural consequence of the carrier's breach of contract for delivery of the baggage.

6. *Same; Baggage; What Is.*—An article for use in housekeeping when the passenger shall have reached the end of his journey, is not baggage.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Eldridge Fletcher against the Louisville & Nashville Railroad for damage for loss of baggage. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

EYSTER & EYSTER, for appellant.

E. W. GODBEY, for appellee.

THOMAS, J.—The complaint as amended alleges that appellant was a common carrier, and that appellee was a passenger over appellant's railway line from Oxmoor to Decatur, and that appellee delivered to appellant, for carriage, in connection with his passage, as a passenger to Decatur, two trunks, the contents of which are specifically set out, and avers that, after appellant took charge of the two trunks and contents, it so negli-

gently handled, managed, and cared for the same that the trunks and contents were damaged, injured, spoiled and lost by the appellant, its agents, or servants, or train, or all combined, and were never delivered to appellee, causing the material and proximate damage to appellee as specifically alleged. The complaint alleges that the plaintiff was "greatly damaged and inconvenienced, worried, and annoyed" by reason of the nondelivery of plaintiff's baggage according to contract.

(1) The defendant moved to strike that portion of the complaint claiming damages for inconvenience, worry, and annoyance on account of the nondelivery of the trunks and their contents, and for expense and loss of time in going from Decatur to Oxmoor to investigate the damage to the same. A defendant, however, may reserve the question by objection to evidence or by special charges.—*Bixby-Theisen Co. v. Evans,* 174 Ala. 571, 57 South. 39; *Southern Railway Co. v. Coleman,* 153 Ala. 266, 44 South. 837; *Woodstock Iron Works v. Stockdale,* 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578; *Vandiver v. Waller,* 143 Ala. 411, 39 South. 136; 7 Mayf. Dig. 224.

(2) We do not doubt that, in assessing damages for a trespass to property, mental suffering, established by the proof as the proximate and natural consequence of the trespass, and attended with circumstances of insult and contumely, is to be taken into account and compensated as a matter of right. In trespass, damages take a wide range.—*Mattingly et al. v. Houston,* 167 Ala. 167, 174, 52 South. 78.

(3) Where, as in the case before us, the wrong consists in the nondelivery of the baggage of a passenger, the result of mere negligence, the only damages that may be awarded are damages compensating the proxi-

mate resulting pecuniary loss—the loss of the baggage at the time of the nondelivery, or at any time subsequent thereto, with interest.—*Sharpe v. Barney,* 114 Ala. 361, 21 South. 490. There was nothing in the nature of this nondelivery of the passenger's trunks which involved injury to the feelings, and nothing is shown by the evidence which could give him a right to damages for inconvenience, worry, or annoyance.—*Mattingly et al. v. Houston, supra; L. & N. R. R. Co. v. Hine,* 121 Ala. 238, 25 South. 857; *White v. Dresser,* 135 Mass. 150, 46 Am. Rep. 454.

(4) The defendant sought to raise the question of the right to damages for annoyance in charge 22, and for "inconvenience, worry, or annoyance" in charge 28. Each of these charges was refused by the trial court. The charge at defendant's request given, No. 25, "I charge you plaintiff is not entitled to recover for mental anguish in this case," was not the equivalent of the instruction requested and refused in charges numbered 22 and 28. There was error in the refusal of these charges.

(5) The expense and loss of time incurred by plaintiff in making a trip to Oxmoor to see about the lost baggage, to identify, gather up, and inspect it, or to investigate the damage done, or the cause of the nondelivery, were elements not recoverable. They were not the proximate or natural consequence of the breach of the contract for the delivery of the baggage.—*Williams et al. v. Finch et al.,* 155 Ala. 399, 46 South. 645; *Southern Railway Co. v. Webb,* 143 Ala. 314, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97; *Jackson v. Smith,* 75 Ala. 97; *Foster v. Napier,* 74 Ala. 393; *Renfro v. Hughes,* 69 Ala. 581; *Bolling v. Tate,* 65 Ala. 417, 39 Am. Rep. 5. The charge requested by defendant, covering this

phase of the case, and refused by the court, should have been given.

(6) Defendant by assignment of error challenges the refusal of the court to give written charges requested as to several of the articles for which damage is claimed, for that they were not baggage. Without enumeration, it is sufficient to say that each of the articles specified in the complaint, except the butter knife, was baggage. This court has declared that an article for use in housekeeping, after the journey's end, is not baggage.—*Cent. of Ga. Ry. Co. v. Joseph,* 125 Ala. 313, 28 South. 35; *Cent. of Ga. Ry. Co. v. Courson,* 10 Ala. App. 581, 65 South. 698. See, also, *Yazoo & Mississippi Val. R. Co. v. Blackmar,* 85 Miss. 7, 37 South. 500, 67 L. R. A. 646, 107, Am. St. Rep. 265; *St. Louis, I. M. & S. Ry. Co. v. Miller,* 39 L. R. A. (N. S.) 634, note; 6 Cyc. 666; 1 Words and Phrases, 644, 669.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ,. concur.