737 So.2d 447 (1999)
WHITE CONSOLIDATED INDUSTRIES, INC.
v.
Albert C. WILKERSON, Belinda Wilkerson, and Vesta Fire Insurance Company.
1971220.
Supreme Court of Alabama.
April 23, 1999.
Mark J. Upton of Richardson, Daniell, Spear & Upton, P.C., Mobile, for appellant.
*448 A. Richard Maples, Jr., Mobile, for appellees.
MADDOX, Justice.
In August 1992, Albert C. Wilkerson and his wife Belinda Wilkerson bought a window-unit air conditioner for their home. They bought it from a store operated by Sears, Roebuck and Company. The air conditioner, which had been manufactured by White Consolidated Industries, Inc. ("WCI"), did not work. Albert Wilkerson returned it to the Sears store the next day and exchanged it for another unit of the same model. The Wilkersons installed the air conditioner in their home. Approximately two weeks later, a fire destroyed the Wilkersons' home and all of their possessions. At the time of the fire, the Wilkersons were away from home and neither of them sustained physical injuries.
The Wilkersons' home was insured by Vesta Fire Insurance Company. Vesta hired an adjuster to investigate the loss, and it later authorized the hiring of Owen S. Posey, a "cause-and-origin" expert. Posey had years of experience investigating fires related to air-conditioning systems and was certified by the International Association of Arson Investigators. He conducted an investigation and determined that the fire had originated in the room where the air conditioner had been installed. Through a process of elimination as to the cause of the fire, Posey ultimately narrowed the cause to the air-conditioning unit. He later testified at trial that an electrical arc caused by a loose wire inside the unit had ignited the freon-oil mixture in the refrigerant line and thereby had started the fire. Another adjuster employed by Sears or by WCI endorsed Posey's findings.
Albert Wilkerson and Belinda Wilkerson and Vesta Fire Insurance Company filed an action against WCI, seeking damages based on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and on theories of negligence, wantonness, and breach of express and implied warranties. The Wilkersons sought reimbursement for an uninsured portion of their loss and damages for mental pain and anguish. Vesta, as subrogee under its policy insuring the Wilkersons, sought reimbursement for its payment of the Wilkersons' insured loss.
The trial court entered a summary judgment in favor of WCI with regard to Vesta's claims, and it entered a summary judgment for WCI as to the Wilkersons' claims, except for their AEMLD claim alleging that the air conditioner had been defective and unreasonably dangerous. Vesta appealed. The Court of Civil Appeals reversed the summary judgment insofar as it related to Vesta's AEMLD claim. Vesta Fire Ins. Co. v. Sears, Roebuck & Co., 705 So.2d 382 (Ala.Civ.App. 1996). The Court of Civil Appeals affirmed the summary judgment as it related to Vesta's other claims, and that court remanded the case for trial on the plaintiffs' AEMLD claims.
The trial court, after hearing extensive arguments by counsel for both sides, set aside its summary judgment with regard to the Wilkersons' claims. The court then proceeded with the trial. During the trial, the court allowed testimony regarding the items that were destroyed in the fire, such as family photographs and heirlooms, and testimony regarding the emotional condition of the Wilkersons after the fire. At the conclusion of the plaintiffs' case, the Wilkersons moved to dismiss all their claims except the AEMLD claim, and the court granted their motion. Thus, only the Wilkersons' AEMLD claim and Vesta's AEMLD claim went to the jury. The court instructed the jury on those claims and instructed the jury that if it found for the plaintiffs it could award the Wilkersons damages for mental anguish.
The jury awarded the Wilkersons $99,583, and it awarded Vesta $29,000. The court entered judgments based on those verdicts. WCI appealed.
*449 WCI makes three arguments: (1) that the trial court erred in allowing the Wilkersons to proceed on all of their claims, given the opinion of the Court of Civil Appeals in Vesta's earlier appeal; (2) that the jury verdict was against the great weight of the evidence; and (3) that the trial court erred in allowing the jury to consider the Wilkersons' claim of mental anguish, given that the fire had caused the Wilkersons no personal injuries but only property damage.
We find no error in the judgment for Vesta, and that judgment is affirmed. We conclude, however, that the trial court improperly allowed the jury to consider the Wilkersons' claim seeking damages for mental anguish. Therefore, because we cannot ascertain what portion of the jury's award was compensation for mental anguish, we must reverse the judgment for the Wilkersons, and, because we must reverse for that reason, we do not reach the other issues as they relate to the Wilkersons.
A claim under the AEMLD is grounded in tort and is premised on the notion that "a [manufacturer's marketing] a product not reasonably safe, when applied to its intended use in the usual and customary manner, constitutes negligence as a matter of law." Casrell v. Altec Industries, Inc., 335 So.2d 128, 132 (Ala. 1976) (emphasis in original). "Under the AEMLD, a manufacturer has the duty to design and manufacture a product that is reasonably safe for its intended purpose and use." Townsend v. General Motors Corp., 642 So.2d 411, 415 (Ala.1994). We must determine whether a breach of a duty under the AEMLD allows a recovery of damages for mental anguish where, as here, the breach of duty has caused no physical injury.
In Reinhardt Motors, Inc. v. Boston, 516 So.2d 509 (Ala.1986), we stated the general rule that "the law will not allow recovery of damages for mental distress where the tort results in mere injury to property." Id. at 511 (emphasis in original). However, in Boston we also recognized the exception that "[w]here the injury to property is committed under circumstances of insult or contumely, [damages for] mental suffering may be recoverable." Id.
More recently, in AALAR, Ltd., Inc. v. Francis, 716 So.2d 1141 (Ala.1998), we reiterated the principle that one can recover for emotional injury if he or she "sustain[s] a physical injury as a result of a defendant's negligent conduct." Id. at 1147. However, we also pointed out that, pursuant to Alabama's "zone of danger" rule, plaintiffs not suffering physical injury as a result of that negligent conduct can recover for emotional injury only if they were "placed in immediate risk of physical harm by that conduct." Id.
The Wilkersons urge us to hold that the sale of an air conditioner that has a defect that causes damage to property supports an award of mental-anguish damages. The evidence indicates that the defect in the air conditioner caused harm only to the Wilkersons' property. Additionally, at the time of the fire the Wilkersons were away from home and at their places of employment. Therefore, they were not in the "zone of danger" created by the defecta zone in which they would have been at immediate risk of physical harm. Thus, the Wilkersons are not entitled to recover damages for mental anguish.
The trial court erred in allowing the jury to award damages to the Wilkersons based on their claim of mental anguish. Because it is impossible for this Court to determine what portion of the Wilkersons' total award against WCI the jury intended as compensation for the Wilkersons' property damage and what portion the jury intended as compensation for the Wilkersons' mental anguish, we reverse the judgment for the Wilkersons and remand the cause for a new trial or other proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*450 HOOPER, C.J., and HOUSTON, SEE, and BROWN, JJ., concur.
LYONS, J., concurs specially.
JOHNSTONE, J., dissents.
LYONS, Justice (concurring specially).
I concur with the majority opinion and write specially to comment upon Justice Johnstone's reliance on Carson v. City of Prichard, 709 So.2d 1199 (Ala.1998), in his dissenting opinion. Carson does allow damages for negligently inflicted mental anguish; however, I consider Carson to be distinguishable from this present case. It is without dispute that the fire allegedly caused by the air conditioner manufactured by WCI occurred while the Wilkersons were not at home. In Carson, the evidence showed that the homeowners experienced continuing suffering caused by the presence of raw sewage in their yards and homes; that suffering included the difficulty of dealing with an unpleasant odor, a loss of appetite, and, in one instance, snakes in the house. Under AALAR, Ltd., Inc. v. Francis, 716 So.2d 1141 (Ala.1998), the Wilkersons were outside the "zone of danger," while the plaintiffs in Carson clearly were within it.
JOHNSTONE, Justice (dissenting).
The operative facts are simple. The Wilkerson plaintiffs bought an air conditioner manufactured by the defendant White Consolidated Industries (WCI), and installed it in the Wilkersons' home. A defect in the air conditioner set fire to the home and thereby totally destroyed it together with all of the Wilkersons' belongings. Mrs. Wilkerson "had to stand there and watch [her] house burn" for "forty-five minutes to an hour."
The Wilkersons sued WCI under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and recovered $99,583 in compensatory damages for property losses and mental anguish. The majority reverses the rulings of the trial court allowing recovery of the damages for mental anguish.
The majority cites Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976), for the proposition that an AEMLD action is grounded in tort and reaches the conclusion that Alabama does not allow recovery for the mental anguish attendant to damage to property only, without personal injury, caused by tort, unless committed under circumstances of insult or contumely. On the contrary, however, in Carson v. City of Prichard, 709 So.2d 1199 (Ala. 1998), this Court allowed substantial damages for mental anguish resulting from the tortious acts or omissions of the Water Works and Sewer Board of the City of Prichard in causing or allowing sewage to overflow into the plaintiffs' homes.
"The residents presented evidence that they had suffered, and continued to suffer, from the overflow of raw sewage into their yards and homes after periods of heavy rain. They alleged various types of injury, including mental anguish, emotional distress, annoyance, and inconvenience. All of them complained that the overflow caused debris and waste from the sewer system to enter their yards. One plaintiff testified that he had had snakes in his house as a result of the sewage overflow. The sewage overflowed from manholes in the street. According to the residents, the odor from the sewage overflow was so great that they could not eat in their homes and were embarrassed to have visitors." 709 So.2d at 1202-03.
None of the plaintiffs in Carson suffered any bodily injury, and this Court did not base its allowance of damages for mental anguish on any contumacious or insulting conduct by the defendant.
Likewise, in City of Mobile v. Jackson, 474 So.2d 644 (Ala.1985), this Court specifically approved damages for mental anguish resulting from water flooding the plaintiffs' home but not causing any physical injury to any person. The Court, speaking through Justice Maddox, held:

*451 "Under the facts of this case, we do not believe the Jacksons would be limited to a recovery of $19,000, because in Mr. Jackson's original claim, he notified the City of Mobile that the $19,000 figure `[did] not cover [his] inconvenience and mental anguish that [his] family and [he had] suffered since the home [they] lived in was flooded.' We find no error in the trial court's judgment awarding the Jacksons $58,000 based upon the jury verdict in the Jacksons' favor in this amount." Jackson, at 651.
For some other torts, Alabama allows recovery for mental anguish without either physical injury or property damage. In Kmart Corp. v. Kyles, 723 So.2d 572 (Ala. 1998), this Court allowed the recovery of damages for mental anguish resulting from malicious prosecution. In Centon Electronics, Inc. v. Bonar, 614 So.2d 999 (Ala. 1993), the Court held that a plaintiff could seek damages for mental anguish resulting from breach of contract or promissory fraud committed in the course of business dealings. In Lawyers Title Ins. Corp. v. Vella, 570 So.2d 578 (Ala.1990), the Court allowed recovery of damages for mental anguish resulting from a fiduciary's mistaken misrepresentation regarding title to a home being purchased by the plaintiffs. Finally, in Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916 (Ala.1981), this Court held that damages for mental distress are recoverable in an action for bad faith failure to honor an insurance contract.
Since Casrell v. Altec, supra, this Court has held the AEMLD theory to be contract rather than tort. Dairyland Ins. Co. v. General Motors Corp., 549 So.2d 44, 46 (Ala.1989); Wellcraft Marine v. Zarzour, 577 So.2d 414 (Ala.1990). Notwithstanding the contract theory, however, AEMLD does not require privity. Ex parte Chevron Chemical Co., 720 So.2d 922 (Ala. 1998).
Alabama has long recognized the right to recover compensation for the mental anguish attendant to damage to a home caused by a breach of contract. B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979); F. Becker Asphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630 (1932). Likewise, in Alabama Power Co. v. Harmon, 483 So.2d 386 (Ala.1986), this Court allowed damages for mental anguish in a contract action for delay in providing electrical service to a home. The rationale is that, "where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of the duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded." B & M Homes, supra, 376 So.2d at 671. To the same effect and with the same language is Sexton v. St. Clair Federal Savings Bank, 653 So.2d 959 (Ala. 1995), involving a loan contract for the construction of a house. The recovery of damages for mental anguish under this theory is not dependent on the occurrence or presence of any physical injury or symptoms. B & M Homes, supra, 376 So.2d at 672-73.
In the case at issue, the use of the air conditioner in a home was not only reasonably foreseeable, but inescapably foreseeable, to the defendant manufacturer WCI. The duty of WCI was so coupled with the homeowners' natural mental concern and feelings for the safety and preservation of their home and all of their belongings that a breach of that duty could reasonably be expected to result in mental anguish and suffering. Obviously the total destruction of the plaintiffs' entire home and all of their belongings would cause mental anguish or suffering.
Another case, Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala.1991), has extended damages for mental anguish to an action for breach of warranty in the sale of a new car. The case on appeal seems a fortiori. In Volkswagen this Court observed:

*452 "In addition, as previously stated, although Alabama historically did not allow the recovery of damages for mental distress where there was no accompanying physical injury, we have now adopted the rule that recovery may be had for mental suffering without the presence of physical injury, concluding in 1981 in Taylor v. Baptist Medical Center, [400 So.2d 369, 374 (Ala.1981)], that `to continue to require physical injury... would be an adherence to procrustean principles which have little or no resemblance to medical realities.' (Emphasis added.)" Volkswagen of America, Inc., 579 So.2d at 1306.
Thus, whether the claim for mental anguish brought by the plaintiffs in the case on appeal be grounded on tort or on contract, their right to recover is clear. Under the circumstances, it is also compelling. The judgment in their favor should be affirmed.