Tony Bowers and Ann Bowers, husband and wife, sued Wal-Mart Stores, Inc. ("Wal-Mart"), seeking compensatory and punitive damages for mental anguish and for the damage to their property caused when their automobile, which had been serviced by Wal-Mart, caught fire; the fire destroyed the car and the Bowerses' house and its contents. The Bowerses asserted claims of negligence, wantonness, breach of warranty, and negligent training and supervision. Following a trial, the jury returned a general verdict for the Bowerses, awarding them $1 million. The court entered a judgment on that verdict. Wal-Mart appeals from the trial court's order denying its motion for a judgment notwithstanding the verdict, for a new trial, or for a remittitur. Because the trial court erred in submitting Tony Bowers's request for mental-anguish damages to the jury, we reverse and remand.
 I.
On October 28, 1995, Ann Bowers took her car to the Wal-Mart store in Enterprise to have the oil changed and the tires rotated and balanced. Wal-Mart employees performed these services, and Wal-Mart gave Mrs. Bowers an express warranty for the work. Mrs. Bowers drove home, parked the car in the garage, and turned it off. Black smoke was coming from under the hood of the car. After parking the car, Mrs. Bowers tried to start the engine, but it would not start. She then went inside her house and telephoned the police. When she returned to the garage, flames were coming from under the hood. She tried to put out the fire, but failed. She then telephoned her husband at work. The fire spread from the car to the house, which was in flames when Mr. Bowers arrived. The police and other emergency personnel arrived, but, ultimately, the fire destroyed the car and the house and its contents.
The Bowerses sued Wal-Mart, alleging that Wal-Mart had negligently or wantonly serviced their car and that its negligence or wantonness had caused the car to catch fire; that Wal-Mart had breached its express warranty to them; and that Wal-Mart had negligently or wantonly failed to properly train and supervise its employees or agents.[1] The Bowerses sought compensatory and punitive damages.
The case went to trial in June 1998. At the conclusion of the Bowerses' case-in-chief, Wal-Mart moved for a judgment as *Page 1203 
a matter of law. The trial court granted Wal-Mart's motion as to the Bowerses' claims alleging wantonness; their claim alleging negligent training and supervision; and their request for punitive damages. It also granted the motion as to Tony Bowers's claim alleging breach of warranty. The court denied Wal-Mart's motion as to the Bowerses' claim alleging that Wal-Mart negligently serviced the automobile; their request for mental-anguish damages; and Ann Bowers's claim alleging breach of warranty. At the close of all the evidence, Wal-Mart renewed its motion for a judgment as a matter of law on the Bowerses' request for mental-anguish damages. The trial court denied that motion. The court submitted the case to the jury on the Bowerses' claim of negligent servicing and Ann Bowers's claim of breach of warranty; on both of those claims, the court allowed the jury to consider the Bowerses' request for mental-anguish damages. The jury returned a $1 million general verdict in favor of the Bowerses. Wal-Mart moved for a judgment notwithstanding the verdict, for a new trial, or for a remittitur. The trial court denied that motion, and Wal-Mart appealed.[2]
 II.
Wal-Mart makes several arguments on appeal, but we consider one dispositive: that the trial court erred to reversal in submitting Tony Bowers's request for mental-anguish damages to the jury. Because we agree, we reverse and remand.[3]
In negligence actions, Alabama follows the "zone-of-danger" test, which limits recovery of mental anguish damages "to those plaintiffs who sustain a physical injury as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." AALAR, Ltd., Inc. v. Francis,716 So.2d 1141, 1147 (Ala. 1998). Accord White Consol. Indus.,Inc. v. Wilkerson, 737 So.2d 447, 449 (Ala. 1999). In WhiteConsolidated Industries, the plaintiffs' house burned as the result of a defect in an air conditioner they had recently purchased and installed. They suffered property damage but no physical injury. They sought mental-anguish damages based on a claim made under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). This Court, even though the case was an AEMLD case and not a traditional negligence case, applied the zone-of-danger test, holding that, because "at the time of the fire [the plaintiff homeowners] were away from home and at their places of employment," they were not within the zone of danger. 737 So.2d at 449. Therefore, this Court concluded, the trial court erred in allowing the jury to award mental-anguish damages to the homeowners. Id.
The Bowerses argue that, in a negligence case, the plaintiff, even if the plaintiff is not in a zone of danger, should be allowed to recover damages for mental anguish resulting from an incident that causes damage to property if the damage to the property is committed under circumstances of insult or contumely. See Reinhardt Motors, Inc. v. Boston, 516 So.2d 509, 511 (Ala. 1986). We disagree. *Page 1204 
Under Alabama law, it is well established that damages for mental anguish are not recoverable in tort where the tort results in mere injury to property unless the damage to property is committed under circumstances of insult or contumely. See, e.g.,Jeffries v. Bush, 608 So.2d 361, 364 (Ala. 1992) (holding that a plaintiff could not recover mental-anguish damages, because he had failed to rebut the defendant's prima facie showing that the alleged trespass was not attended by words or acts of insult or contumely); Smith Gaston Funeral Directors, Inc. v. Wilson,262 Ala. 401, 403, 79 So.2d 48, 50 (1955) (allowing the plaintiff to recover mental-anguish damages in an action alleging intentional trespass to a grave); Mattingly v. Houston, 167 Ala. 167, 174,52 So. 78, 81 (1909) (allowing the plaintiff to recover damages for "mental suffering, established in the proof as the proximate and natural consequence of the trespass committed with circumstances of insult or contumely"); Dockins v. Drummond Co.,706 So.2d 1235, 1237 (Ala.Civ.App. 1997) (allowing the plaintiff to recover mental-anguish damages in an action alleging trespass and nuisance where the defendant acted knowingly); Johnson v. Martin,423 So.2d 868, 871 (Ala.Civ.App. 1982) (refusing to allow the plaintiff to recover mental-anguish damages in an action alleging trespass to land, because the evidence showed no insult or contumely); Gregath v. Bates, 359 So.2d 404, 409 (Ala.Civ.App. 1978) (refusing to allow the plaintiff to recover mental-anguish damages in a nuisance action because the evidence showed no insult or contumely).
The "insult-or-contumely" exception does not, however, apply in cases of "mere negligence." See Louisville N. R.R. v.Fletcher, 194 Ala. 257, 259, 69 So. 634, 635 (1915). In Fletcher, this Court explained that a plaintiff cannot recover mental-anguish damages based on damage to property that occurs as the result of negligence:
 "We do not doubt that, in assessing damages for a trespass to property, mental suffering, established by the proof as the proximate and natural consequence of the trespass, and attended with circumstances of insult and contumely, is to be taken into account and compensated as a matter of right. In trespass, damages take a wide range.
 "Where, as in the case before us, the wrong consists in the nondelivery of the baggage of a passenger, the result of mere negligence, the only damages that may be awarded are damages compensating the proximate resulting pecuniary loss — the loss of the baggage at the time of the nondelivery, or at any time subsequent thereto, with interest."
194 Ala. at 259-60, 69 So. at 635. Thus, in negligence actions involving damage only to property, the "insult or contumely" exception does not apply. Instead, in negligence actions, the applicable test is the zone-of-danger test. See AALAR, Ltd.,Inc., 716 So.2d at 1147; White Consol. Indus., 737 So.2d at 449.
Mr. Bowers's only theory of liability that was submitted to the jury was that Wal-Mart had negligently serviced the car and that the negligent servicing had caused the car and the house to be destroyed, i.e., his only claim was based on damage to property. Thus, the zone-of-danger test applies to Mr. Bowers's claim for mental-anguish damages. Mr. Bowers suffered no physical injury as a result of the fire. It is undisputed that he was away from home when the fire started. Because he was outside the zone of danger and was not placed in any immediate risk of physical harm, Mr. Bowers was not entitled to recover damages for mental anguish. Therefore, the trial court erred in allowing the jury to consider his request for damages for mental anguish.
The jury returned a general verdict for Tony Bowers and Ann Bowers. Because we cannot ascertain whether some portion of the jury's award was intended as damages for Tony Bowers's claimed mental anguish, or, if so, what portion, we must reverse the judgment of the trial court and remand the case for a new trial. See *Page 1205 White Consol. Indus., 737 So.2d at 449; Green TreeAcceptance, Inc. v. Tunstall, 645 So.2d 1384 (Ala. 1994);Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981).
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Lyons, and Brown, JJ., concur.
Cook, J., concurs in the result.
Johnstone and England, JJ., dissent.
[1] In the same action, the Bowerses sued General Motors Corporation and various Wal-Mart employees. The claims against those defendants, however, have already been resolved and are not involved in this appeal.
[2] The Bowerses did not cross-appeal.
[3] Because we reverse for this reason, we do not address Wal-Mart's assertions that the trial court erred: (1) by refusing to disqualify the jury venire because a person, unrelated to the case, had made statements prejudicial to Wal-Mart within the hearing of the venire; (2) by refusing to excuse for cause certain members of the venire who were stockholders or policyholders of an insurance company that held a subrogation interest in the Bowerses' claims; (3) by submitting Ann Bowers's claim for mental-anguish damages to the jury; (4) by submitting Tony Bowers's claim for future pain and suffering and future medical expenses to the jury; (5) by allowing one of the Bowerses' expert witnesses to testify — based on Internet sources — about the content of automobile-recall warnings; (6) by allowing one of the Bowerses' expert witnesses to perform an experiment during the trial; and (7) by providing the jury with a general verdict form in violation of Ala. Code 1975, § 6-11-1.