I respectfully dissent. The majority holds that a homeowner cannot recover for the mental anguish entailed by tortious damage to his home unless the tort physically injured him or threatened his physical safety. I respectfully submit that Alabama law does not require physical injury or the danger thereof for recovery for mental anguish caused by tortious damage to a home. I cite my dissent in White Consolidated Industries, Inc. v. Wilkerson,737 So.2d 447, 450 (Ala. 1999). Particularly applicable here is this excerpt:
 "The majority cites Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala. 1976), for the proposition that an AEMLD action is grounded in tort and reaches the conclusion that Alabama does not allow recovery for the mental anguish attendant to damage to property only, without personal injury, caused by tort, unless committed under circumstances of insult or contumely. On the contrary, however, in Carson v. City of Prichard, 709 So.2d 1199 (Ala. 1998), this Court allowed substantial damages for mental anguish resulting from the tortious acts or omissions of the Water Works and Sewer Board of the City of Prichard in causing or allowing sewage to overflow into the plaintiffs' homes.
 "`The residents presented evidence that they had suffered, and continued to suffer, from the overflow of raw sewage into their yards and homes after periods of heavy rain. They alleged various types of injury, including mental anguish, emotional distress, annoyance, and inconvenience. All of them complained that the overflow caused debris and waste from the sewer system to enter their yards. One plaintiff testified that he had had snakes in his house as a result of the sewage overflow. The sewage overflowed from manholes in the street. According to the residents, the odor from the sewage overflow was so great that they could not eat in their homes and were embarrassed to have visitors.' 709 So.2d at 1202-03.
 "None of the plaintiffs in Carson suffered any bodily injury, and this Court did not base its allowance of damages for mental anguish on any contumacious or insulting conduct by the defendant.
 "Likewise, in City of Mobile v. Jackson, 474 So.2d 644
(Ala. 1985), this Court specifically approved damages for mental anguish resulting from water flooding the plaintiffs' home but not causing any physical injury to any person. The Court, speaking through Justice Maddox, held:
 "`Under the facts of this case, we do not believe the Jacksons would be limited to a recovery of $19,000, because in Mr. Jackson's original claim, he notified the City of Mobile that the $19,000 figure "[did] not cover [his] inconvenience and mental anguish that [his] family and [he had] suffered since the home [they] lived in was flooded." We find no error in the trial court's judgment awarding the Jacksons $58,000 based upon the jury verdict in the Jacksons' favor in this amount.' Jackson, at 651.
 "For some other torts, Alabama allows recovery for mental anguish without either physical injury or property damage. In Kmart Corp. v. Kyles, 723 So.2d 572 (Ala. 1998), this Court allowed the recovery of damages for mental anguish resulting from malicious prosecution. In Centon Electronics, Inc. v. Bonar, 614 So.2d 999 (Ala. 1993), the Court *Page 1206 
held that a plaintiff could seek damages for mental anguish resulting from breach of contract or promissory fraud committed in the course of business dealings. In Lawyers Title Ins. Corp. v. Vella, 570 So.2d 578 (Ala. 1990), the Court allowed recovery of damages for mental anguish resulting from a fiduciary's mistaken misrepresentation regarding title to a home being purchased by the plaintiffs. Finally, in Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916 (Ala. 1981), this Court held that damages for mental distress are recoverable in an action for bad faith failure to honor an insurance contract."
737 So.2d at 450-51.
The majority opinion in White Consolidated, cited by the majority in the case before us, holds that "a breach of a duty under the [Alabama Extended Manufacturer's Liability Doctrine does not allow] a recovery of damages for mental anguish where, as here, the breach of duty has caused no physical injury." 737 So.2d at 449. While White Consolidated is an AEMLD case, the rationale of the majority is based on an interpretation of tort law, but an interpretation which overlooks the special allowance that the tort law makes for damage to a home.
In the case before us, the tortious act or omission in Wal-Mart's servicing the Bowerses' car did not occur in or at the Bowerses' home. Mrs. Bowers's driving the car from Wal-Mart to her home, however, was obviously foreseeable to Wal-Mart. That negligent service on the car could cause it to burn and, in turn, could cause it to burn the home down was sufficiently foreseeable to allow a finding of proximate causation, which is not here at issue. The Bowerses' mental anguish was just as foreseeable as the burning of their home. Thus the trial court did not err in allowing the jury to assess compensation for this mental anguish on Mr. Bowers's tort claim.