SEE, Justice.
 

 Birmingham Coal & Coke Company, Inc. (“Birmingham Coal”), appeals from a judgment awarding monetary damages to Charlotte Johnson and 18 other plaintiffs (“the plaintiffs”) for property damage and for emotional distress and mental anguish. We affirm in part, reverse in part, and remand.
 

 Facts and Procedural History
 

 Birmingham Coal operated a surface coal mine in Winston County. In 2001, Birmingham Coal hired Boren Explosives, Inc., to perform blasting at the mine; the blasting continued through 2004. The plaintiffs, who lived near the blasting site, sued Birmingham Coal in the Winston Circuit Court claiming damage to 10 houses from vibrations created by the blasting. The distance to the houses from the point of the blasting ranges from 2,875 feet to 4,779 feet. The plaintiffs’ complaint alleges that Birmingham Coal (1) conducted its mining operation in a negligent and wanton manner, (2) trespassed by interfering with the plaintiffs’ possession, use, and enjoyment of their properties, (3) created a nuisance, and (4) engaged in an abnormally dangerous activity.
 

 The claims were tried in a bench trial. The plaintiffs testified that they could hear and feel the blasting in their houses and that they noted damage to their houses after Birmingham Coal began the blasting operation. Birmingham Coal presented expert testimony that it had followed State blasting regulations at all times and that the blasting could not have caused the damage the plaintiffs claimed it caused to their houses. At the close of all the evidence, Birmingham Coal moved for a judgment as a matter of law (“JML”) on all the plaintiffs’ claims. The trial court entered a JML for Birmingham Coal on the wantonness, trespass, and nuisance claims. It
 
 *996
 
 entered a judgment in favor of the plaintiffs on their negligence claim and awarded compensatory damages to each plaintiff, consisting of the cost to repair the plaintiffs house and the diminution in the value of the house. The trial court also awarded damages for mental anguish and emotional distress in an amount equal to each plaintiffs property-damages award. Birmingham Coal appeals.
 

 Issues
 

 Birmingham Coal raises four issues: first, whether the plaintiffs presented sufficient evidence to support the trial court’s damages award for damage to the plaintiffs’ houses; second, whether the trial court improperly awarded damages for both the cost to repair and the diminution in value; third, whether the trial court improperly awarded damages for mental anguish and emotional distress in the absence of any physical injury; and, finally, whether the award for mental anguish and emotional distress was excessive.
 

 Standard of Review
 

 The trial court entered its judgment after hearing ore tenus evidence.
 

 “ ‘ “ ‘[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’
 
 Waltman v. Rowell,
 
 913 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’
 
 Waltman v. Rowell,
 
 913 So.2d at 1086.”
 

 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007).
 

 Analysis
 

 I. Sufficiency of the Evidence of Damage to the Houses
 

 Liability in blasting cases is governed by the principles established in
 
 Harper v. Regency Development Co.,
 
 399 So.2d 248 (Ala.1981). In that case this Court abandoned the application of traditional negligence principles in blasting cases and adopted a test based on the
 
 Restatement (Second) of Torts
 
 §§ 519 — 520 (1977). The
 
 Restatement (Second) of Torts
 
 § 519 provides:
 

 “(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.
 

 “(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.”
 

 The
 
 Restatement (Second) of Torts
 
 § 520 lists the following factors as those that should be considered in determining whether an activity is abnormally dangerous:
 

 “(a) existence of a high degree of risk of some harm to the person, land or chattels of others;
 

 “(b) likelihood that the harm that results will be great;
 

 
 *997
 
 “(c) inability to eliminate the risk by the exercise of reasonable care;
 

 “(d) extent to which the activity is not a matter of common usage;
 

 “(e) inappropriateness of the activity to the place where it is carried on; and
 

 “(f) extent to which its value to the community is outweighed by its dangerous attributes.”
 

 This Court concluded in
 
 Harper
 
 that “[t]he use of the explosives under abnormally dangerous conditions is negligence, and thus actionable if such conduct proximately causes damage to another.”
 
 Harper,
 
 399 So.2d at 252. This Court further held:
 

 “A finding, guided by a consideration of factors outlined in the Restatement, that the blaster was ‘one who carries on an abnormally dangerous activity’ is a finding of negligence — the breach of a legal
 
 duty
 
 — and, a further finding that such conduct proximately damaged another, renders the blaster liable therefor. Ordinarily, both of these determinations will be issues of fact for the jury.”
 

 Harper,
 
 399 So.2d at 253. This Court further stated that the law will not “permit the blaster to defend on the ground that he carefully prepared and detonated the explosive.”
 
 Id.
 

 In this case, the trial court found that “the plaintiffs proved by substantial evidence that the use of explosives in this case [was] under abnormally dangerous conditions and proximately caused severe damage[ ] to the plaintiffs’ dwellings.” Birmingham Coal argues in response that the plaintiffs failed to present substantial evidence that its blasting constituted an abnormally dangerous activity because, it argues, the blasting was conducted according to State regulations. However, this Court rejected that defense in
 
 Harper.
 
 Therefore, Birmingham Coal did not establish that the plaintiffs failed to present substantial evidence that the blasting constituted an abnormally dangerous activity.
 

 Birmingham Coal also argues that there was insufficient evidence to support the trial court’s damages award for damage to the plaintiffs’ houses because, it says, the plaintiffs did not present any expert or eyewitness testimony linking the damage to the plaintiffs’ houses to Birmingham Coal’s blasting. In support of this insufficient-evidence argument, Birmingham Coal notes the statement in
 
 Harper
 
 that “[b]oth prongs of proof [of the traditional negligence standard] set the stage for a battle of the experts,”
 
 Harper,
 
 399 So.2d at 251, which, it argues, implicitly recognizes the necessity for the plaintiff to present expert testimony. However, this Court also stated in
 
 Harper
 
 that “[proving that the blasting caused the claimed damage] pits the plaintiffs evidence of before and after damage — in the context of circumstantial cause and effect — against the
 
 defendant’s
 
 expert,” which implies that the plaintiff is not required to present expert testimony.
 
 Harper,
 
 399 So.2d at 251. Moreover, the Court of Civil Appeals has concluded that the defendant in a blasting case is not entitled to a summary judgment on the issue of proximate cause when the plaintiff did not present any expert testimony.
 
 McCuller v. Drummond Co.,
 
 714 So.2d 298, 299 (Ala.Civ.App.1997) (McCuller testified that Drummond’s blasting could be felt in his house, and he presented evidence indicating that the extent of the damage to his house went beyond normal shrinkage of the floor slab or masonry or wear and tear. Craig Led-better, a construction-management consultant, said in his deposition that although he was not an expert in blasting, he could say that the damage to McCuller’s house was consistent with blasting damage.).
 

 
 *998
 
 In this case, the plaintiffs presented evidence indicating that they could hear the blasts and could feel the vibrations from the blasting in their houses and that they noticed damage to their houses after Birmingham Coal began blasting. It appears that under
 
 Harper
 
 this evidence was sufficient to support the trial court’s award for damage to the plaintiffs’ property. Thex-efore, we affirm the judgment of the trial court on this issue.
 

 II. Basis of Property-Damages Award
 

 “The proper measure of compensatory damages in a tort action based on damage to real property is the difference between the fair market value of the property immediately before the damage and the fair market value immediately after the damage.
 
 Nelson Brothers, Inc. v. Busby,
 
 513 So.2d 1015, 1017 (Ala.1987);
 
 Dooley v. Ard Oil Co.,
 
 444 So.2d 847, 848 (Ala.1984). Although mathematical certainty is not inquired, a jury cannot be left to speculate as to the amount of damages, but ‘ “[tjhis does not mean that the plaintiff must prove damages to a mathematical certainty or measure them by a money standard. Rather, he must produce evidence tending to show the extent of damages as a matter of just and reasonable inference.” C. Gamble,
 
 Alabama Law of Damages
 
 § 7-1 (2d ed.1988).’ ”
 

 IMAC Energy, Inc. v. Tittle,
 
 590 So.2d 163, 168 (Ala.1991) (quoting
 
 Industrial Chem. & Fiberglass Corp. v. Chandler,
 
 547 So.2d 812, 820 (Ala.1988)) (emphasis omitted).
 

 Birmingham Coal argues that the tidal court erred in setting the amount of its awai'd of damages to the plaintiffs for damage to their houses because six plaintiffs did not express an opinion on the diminution, if any, in the value of their houses and because the trial court based its award on evidence of repair costs and diminution in value. Birmingham Coal cites
 
 Poffenbarger v. Merit Energy Co.,
 
 972 So.2d 792 (Ala.2007), in support of its argument. This case, however, is inappo-site. In
 
 Poffenbarger,
 
 the Court addressed the following question: “Under Alabama law, what is the general rule for the measurement of direct, compensatory damages for an injury to real property when the cost to l’emediate the property exceeds the diminution in the value of the property caused by the injury?” 972 So.2d at 795. The Court in
 
 Poffenbarger
 
 did not answer the question whether repair costs could be considered in eases where damage to real property occurred. Instead, it addressed only those situations in which the cost to repair the real propei'ty exceeds the diminution in the value of the property. Birmingham Coal does not point to any evidence indicating that the trial coui't awarded the plaintiffs property damages in excess of the diminution in value of the property or that the evidence of repair costs presented by the plaintiffs who did not express an opinion as to diminution did not present a reasonable inference of damage. Nor does Birmingham Coal present to us any other argument or authority indicating that the trial court’s method of calculating the property damages is in error. Therefore, we cannot say that the trial court’s property-damages award is palpably erroneous. We affirm the judgment of the trial court on this issue.
 

 III. Damages for Mental Anguish and Emotional Distress
 

 Birmingham Coal argues that the trial court erred in awarding damages for mental anguish and emotional distress, because, it argues, blasting damages are negligence based and this Court “has not recognized emotional distress as a compen-
 
 *999
 
 sable injury or harm in negligence actions outside the context of emotional distress resulting from actual physical injury or, in the absence of physical injury, fear for one’s own physical safety.”
 
 AALAR, Ltd. v. Francis,
 
 716 So.2d 1141, 1148 (Ala.1998). “ ‘In negligence actions, Alabama follows the “zone-of-danger” test, which limits recovery of mental anguish damages to “those plaintiffs who sustain a physical injury as a result of a defendant’s negligent conduct, or who are placed in immediate risk of physical harm by that conduct.” ’ ”
 
 Ex parte Grand Manor, Inc.,
 
 778 So.2d 173, 179 (Ala.2000) (quoting
 
 Wal-Mart Stores, Inc. v. Bowers,
 
 752 So.2d 1201, 1203 (Ala.1999), quoting in turn
 
 AALAR, Ltd. v. Francis,
 
 716 So.2d at 1147, and citing
 
 White Consol. Indus., Inc. v. Wilkerson,
 
 737 So.2d 447, 449 (Ala.1999)).
 

 The plaintiffs argue that liability in blasting cases is based in strict liability, not negligence. However, in
 
 Harper
 
 this Court stated that “[t]he use of the explosives under abnormally dangerous conditions is negligence,”
 
 Harper,
 
 399 So.2d at 252, and compared an action based on blasting to an action brought under the Alabama Extended Manufacturer’s Liability Doctrine (“the AEMLD”). This Court has held that “[a] claim under the AEMLD is grounded in tort and is premised on the notion that ‘a [manufacturer’s marketing] a product not reasonably safe, when applied to its intended use in the usual and customary manner, constitutes negligence as a
 
 matter of law.’
 
 ”
 
 White Consol. Indus., Inc.,
 
 737 So.2d at 449 (quoting
 
 Casrell v. Altec Indus., Inc.,
 
 335 So.2d 128, 132 (Ala.1976)). In
 
 White Consolidated Industries,
 
 this Court also stated that under the AEMLD a plaintiff cannot recover damages for mental anguish and emotional distress if he or she did not suffer a physical injury or was not in the “zone of danger.” 737 So.2d at 449. Applying the principles set forth in
 
 Harper
 
 and
 
 White Consolidated Industries,
 
 we hold that the plaintiffs cannot recover for mental anguish or emotional distress unless they suffered physical injury or were in the “zone of danger.”
 

 The plaintiffs argue that although the general rule is that “the law will not allow recovery of damages for mental distress where the tort results in
 
 mere
 
 injury to property,”
 
 Reinhardt Motors, Inc. v. Boston,
 
 516 So.2d 509, 511 (Ala.1986), mental-anguish awards are proper in tort cases when the property damaged is a person’s home. The plaintiffs cite
 
 F. Becker
 
 As
 
 phaltum Roofing Co. v. Murphy,
 
 224 Ala. 655, 141 So. 630 (1932);
 
 B & M Homes, Inc. v. Hogan,
 
 376 So.2d 667 (Ala.1979); and
 
 Orkin Exterminating Co. v. Donavan,
 
 519 So.2d 1330, 1333 (Ala.1988), in support of their argument. However, as the plaintiffs admit, these cases involve recovery for breach of contract, not tort liability, and the plaintiffs do not cite any caselaw in support of their argument that this liability should be extended to tort actions. Thus, the plaintiffs’ argument is not persuasive in light of the well-established rule that in tort cases damages for mental anguish have to be linked to actual physical injury or “zone of danger,” and we decline to extend the exception to tort-liability cases.
 

 The plaintiffs next argue that damages for mental anguish have been routinely awarded in blasting cases. However, each of the cases cited by the plaintiffs involved physical injury to the plaintiff, wantonness or trespass on the part of the defendant, and/or a plaintiff who was in the “zone of danger.”
 
 See Birmingham Realty Co. v. Thomason,
 
 8 Ala.App. 535, 542-43, 63 So. 65, 67 (1912) (allowing mental-anguish damages where “the blasting operations, as carried on throughout a considerable period of time, without due precautions being taken for the safety of persons or
 
 *1000
 
 property within the zone of danger therefrom, amounted to more than an isolated trespass, and assumed the proportions of a nuisance as regards the plaintiffs neighboring premises, involving injury to his property and real or reasonably apprehended peril to himself and to members of his family”);
 
 see also J.B. McCrary Co. v. Phillips,
 
 222 Ala. 117, 119, 130 So. 805, 807 (1930) (allowing mental-anguish damages where the defendant “blasted rock and dirt from the excavation, throwing the rock upon plaintiffs house, which broke through the roof of the main house and the porch in such sort as to endanger the lives of the occupants”);
 
 Central of Georgia Ry. v. Kimber,
 
 212 Ala. 102, 101 So. 827 (1924) (allowing mental-anguish and emotional-distress damages where the plaintiff showed that the blasting caused a “physical injury to her nervous system”);
 
 IMAC Energy, Inc. v. Tittle,
 
 590 So.2d at 168 (allowing mental-anguish and emotional-distress damages where there was sufficient evidence to support a finding of wantonness);
 
 Dockins v. Drummond Co.,
 
 706 So.2d 1235, 1237 (Ala.Civ.App.1997) (allowing damages for mental anguish and emotional distress where the trespass to property was committed “under circumstances of insult or contumely”). None of those issues is present in this case. The cases cited by the plaintiffs in support of the damages award for mental anguish and emotional distress are distinguishable from this case and, therefore, do not support the plaintiffs’ argument.
 

 Because damages for mental anguish and emotional distress are proper only in tort cases in which the plaintiff is in the “zone of danger” or has suffered a physical injury or the defendant’s action constitutes wantonness or trespass under circumstances of insult or contumely, and because there is no evidence indicating that such is the case here, we hold that the trial court erred in awarding damages for mental anguish and emotional distress. We, therefore, reverse the trial court’s judgment on this ground.
 

 TV. Amount of Award for Mental Anguish and Emotional Distress
 

 Finally, Birmingham Coal argues that the amount of the trial court’s award for mental anguish and emotional distress is excessive. Because we hold that the plaintiffs in this case are not entitled to damages for mental anguish and emotional distress, we need not address this issue.
 

 Conclusion
 

 We affirm the trial court’s judgment insofar as it awarded damages for damage to the plaintiffs’ property and the amount of that award, but we reverse the trial court’s judgment insofar as it awarded damages for mental anguish and emotional distress and remand the case for the entry of a judgment consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.